**Arlen CASTLE, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2011–SC–000717–MR.

Supreme Court of Kentucky.

Oct. 24, 2013.

---

Brandon Neil Jewell, Assistant Public Advocate, Counsel for Appellant.

Jack Conway, Attorney General of Kentucky, Susan Roncarti Lenz, Assistant Attorney General, Counsel for Appellee.

## OPINION OF THE COURT BY CHIEF JUSTICE MINTON

Arlen Castle pleaded guilty to one count of first-degree robbery, one count of first-degree sodomy, one count of first-degree rape, one count of kidnapping, one count of first-degree sexual abuse, and one count of tampering with physical evidence. At sentencing, the trial court ordered Castle's sentences to be served consecutively, not to exceed sixty years. Castle appeals as a matter of right [1] from the resulting judgment.

On appeal, Castle alleges a single error. He contends that the trial court erred in ordering his sentences to be served consecutively because they exceeded fifty years in contravention of Kentucky Revised Statutes (KRS) 532.110 and 532.080(6)(a). Finding no error, we affirm the sentence imposed by the trial court.

---

1. Ky. Const. § 110(2)(b).

## I. FACTUAL AND PROCEDURAL HISTORY.

Castle was indicted on charges of one count of each of the following crimes: first-degree robbery (Class B felony); first-degree sodomy (Class B felony); first-degree rape (Class B felony); kidnapping (Class B felony); first-degree sexual abuse (Class D felony); and tampering with physical evidence (Class D felony).[2] The charges all arose from Castle's robbery of a Cash Advance store in Danville, Kentucky. After his indictment, Castle entered an open guilty plea[3] to all charges. Following his guilty plea, the trial court sentenced Castle to twenty years' imprisonment for each of the four Class B felonies and five years' imprisonment for both of the Class D felonies. Exercising its discretion, the trial court ordered that Castle's sentences were to run consecutively with the aggregate imprisonment not to exceed sixty years.

Before entry of the sentencing order, Castle argued that the maximum allowable aggregate sentence of consecutive indeterminate terms was fifty years. Finding this argument unpersuasive, the trial court acknowledged that Castle's consecutive sentences, in total, amounted to ninety years, that KRS 532.110(1)(c) capped consecutive indeterminate terms at a total of seventy years, and concluded that a total of sixty years was an appropriate aggregate sentence. The trial court entered a judgment consistent with these findings.

## II. ANALYSIS.

■ Castle's lone argument on appeal attacks only the length of his sentence, not his convictions. He argues that the aggregate length of his consecutive sentences, sixty years, exceeds the statutory limits set forth by KRS 532.110 and 532.080. We disagree.

KRS 532.110 provides trial courts with discretion in determining whether defendants convicted of multiple crimes are to serve their sentences concurrently or consecutively. While KRS 532.110(2) establishes concurrent service as the default absent language to the contrary, trial courts are given the liberty to run the sentences consecutively if they so choose.[4] This discretion is not unfettered, however. KRS 532.110(1)(c) provides a limitation on the aggregate length of sentences to be consecutively served. The relevant portion of KRS 532.110 provides as follows:

(1) When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:

. . . .

(c) The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class

**2.** First-degree burglary, first-degree sodomy, first-degree rape, and kidnapping are all Class B felonies with an authorized term of imprisonment of not less than 10 years nor more than 20 years. KRS 511.020; 510.070; 510.040; 509.040; and 532.060(2)(b). First-degree sexual abuse (with a victim twelve years of age or older) and tampering with physical evidence are Class D felonies with an

authorized term of imprisonment of not less than one nor more than five years. KRS 510.110; 524.100; and 532.060(2)(d).

**3.** An open guilty plea is a guilty plea entered without a recommended sentence from the Commonwealth.

**4.** KRS 532.110(1).

of crime for which any of the sentences is imposed. In no event shall the aggregate of consecutive indeterminate terms exceed seventy (70) years.

■ We have consistently acknowledged that KRS 532.110(1)(c)'s reference to KRS 532.080, Kentucky's Persistent Felony Offender statute, is only a "yardstick" to determine the maximum allowable term of incarceration for consecutive sentences. For purposes of KRS 532.110(1)(c), a defendant does not have to be adjudicated a Persistent Felony Offender for his sentence to be determined by reference to our PFO statute.[5]

The highest class of crime of which Castle was convicted was a Class B felony. And the portion of KRS 532.080 pertaining to the permissible sentences for Class B felony offenders is section (6)(a), which states:

(6) (a) If the offense for which he presently stands convicted is a Class A or Class B felony ... a persistent felony offender in the first degree shall be sentenced to an indeterminate term of imprisonment, the maximum of which shall not be less than twenty (20) years nor more than fifty (50) years, or life imprisonment....

In interpreting KRS 532.110(1)(c) and 532.080 as allowing a maximum aggregate sentence of fifty years, Castle focuses on the "longest extended term" language found in KRS 532.110(1)(c). Castle argues that only a term of years can be considered to be an "extended term"; and be-

cause fifty years is the longest statutorily permitted "term of years" for a Class B felony offender under KRS 532.080(6)(a), no consecutive aggregate sentence can exceed fifty years.

■ This argument is wholly unsupported by our case law, as well as the construction of the pertinent statutes. First and foremost, in *Bedell v. Commonwealth*,[6] this Court held that the longest "extended term" permissible under KRS 532.080 is life imprisonment.[7] More recently, although not addressing this argument directly, we held, consistently with *Bedell*, that the maximum consecutive sentence for Class A and B felony offenders is seventy years based solely on the limitation contained in KRS 532.110(1)(c).[8] In applying our case law interpreting KRS 532.110 and 532.080, it becomes clear that this Court has foreclosed the argument championed by Castle. Our precedent holds that life imprisonment is the longest "extended term" sentence under KRS 532.080 and that the only statute operating as a limitation on such an extended sentence for a Class A or B felony offender is the seventy-year cap in KRS 532.110(1)(c).

■ Further, if this Court were to determine there is an ambiguity in the language and application of KRS 532.110 and 532.080, construing the statutes in the manner suggested by Castle would lead to an unreasonable result, something we decline to do. In construing statutory provisions we will not construe them in such a manner as to yield an unreasonable result[9]; and when construing multiple statutes, it

5. See *Bedell v. Commonwealth*, 870 S.W.2d 779, 783 (Ky.1993).

6. *Id.*

7. *Id.*

8. *Cummings v. Commonwealth*, 226 S.W.3d 62 (Ky.2007); *see also Allen v. Common-*

*wealth*, 276 S.W.3d 768, 774 (Ky.2008) (holding that it was error for a trial court to fail to instruct the jury about the seventy-year cap on consecutive sentences).

9. *Sisters of Charity Health Sys., Inc. v. Raikes*, 984 S.W.2d 464, 470 (Ky.1998).

is our duty to read all statutes in harmony with one another in order to effectuate all statutes, if possible.[10]

If this Court were to adopt Castle's reading of the statutes, the seventy-year overall cap contained in the last sentence of KRS 532.110(1)(c) [11] would be rendered entirely superfluous—surely an absurd result. Under Castle's interpretation, the maximum aggregate consecutive sentence possible under KRS 532.080, regardless of the crimes committed, would be fifty years. If that were the case, KRS 532.080 would impose an implicit cap on consecutive sentences that is twenty years lower than the explicit cap in KRS 532.110(1)(c), thereby preventing the explicit seventy-year cap from serving any purpose. We assume that the "[Legislature] meant exactly what it said, and said exactly what it meant"; [12] and, therefore, we cannot accept Castle's interpretation that would create an implicit cap on aggregate sentences to the detriment of the explicit cap set forth by the Legislature.

This construction would be even more absurd when considering the legislative history of KRS 532.110. In 1998, the Legislature amended KRS 532.110(1)(c) solely to include the seventy-year cap.[13] At the time of this amendment, KRS 532.080 was largely the same as it is today and provided for the possibility of life imprisonment for Class A and B felony offenders under section (6)(a). Importantly, this amendment took place *after* our decision in *Be-*

*dell* holding the longest "extended term" permissible under KRS 532.080 was life imprisonment.[14]

When amending or enacting legislation, we presume the Legislature knows and understands the then-existing laws, including the judicial construction of those laws.[15] Ancillary to this presumption, "it must be presumed that the Legislature intended *something* by what it attempted to do" when amending a statute—namely to change the law.[16] Applying these presumptions to KRS 532.110(1)(c).in light of the 1998 amendment, it can only be said that the Legislature understood this Court's holding in *Bedell* and added the seventy-year cap in order to establish some limitation on the length of consecutive sentences for those defendants subject to the possibility of life imprisonment under our definition of "extended term" in *Bedell*. Not only would the interpretation advocated for by Castle render the seventy-year cap inoperative, it would also prove the Legislature's 1998 amendment that introduced the cap to be an exercise in futility. We decline to endorse a statutory construction that would render an act of the Legislature nugatory, especially when such a reading is in conflict with our existing precedent.

Castle secondarily argues that because KRS 532.080's language does not explicitly refer to life imprisonment as a "term" of imprisonment, it clearly cannot fall within

10. *Ledford v. Faulkner,* 661 S.W.2d 475, 476 (Ky.1983).

11. This sentence states that "[i]n no event shall the aggregate of consecutive indeterminate terms exceed seventy (70) years." KRS 532.110(1)(c).

12. *Revenue Cabinet v. O'Daniel,* 153 S.W.3d 815, 819 (Ky.2005) (quoting *Stone v. Pryor,* 45 S.W.I 136, 1142 (1898) (Waddle, S.J., dissenting)).

13. 1998 Ky. Acts 3660.

14. *Bedell,* 870 S.W.2d at 783.

15. *St. Clair v. Commonwealth,* 140 S.W.3d 510, 570 (Ky.2004).

16. *Reyes v. Hardin Cnty.,* 55 S.W.3d 337, 342 (Ky.2001).

the scope of an "extended term" for purposes of KRS 532.110(1)(c). We are not convinced that KRS 532.080 does not refer to life imprisonment as a "term"; but Castle's argument is, nonetheless, precluded by *Bedell.* Although our holding in *Bedell* does not directly tackle this argument, we held that "a term of life imprisonment would be the longest extended term which would be authorized by KRS 532.080." [17] *Bedell* not only stands for its explicit holding—that life imprisonment is the longest "extended term" permissible under KRS 532.080—but also its implicit acknowledgement that life imprisonment is, in fact, a term of imprisonment under KRS 532.080.[18] *Bedell* is controlling in this instance, and Castle has cited no authority to the contrary. We, therefore, hold that life imprisonment is a term of imprisonment.

Even if we were to overlook our holding in *Bedell* and find an ambiguity regarding whether life imprisonment is a "term" of imprisonment, Castle's interpretation must still be rejected. When construing such alleged ambiguities, "we are obligated to look beyond one word, one phrase, one sentence, even one statute to the language used in other statutes pertaining to the matter in dispute." [19] Beyond looking at the specific statute at issue, KRS 532.080 in this instance, we must also consider "surrounding statutes regarding the same subject matter" when interpreting legislative intent.[20] Looking to related statutes, the Legislature has labeled life imprisonment as a term of imprisonment elsewhere in the penal code. Specifically, life imprisonment is referred to as a term of imprisonment under both KRS 532.030(1) [21] and 532.060(2)(a),[22] the only statutes outside of KRS 532.080 to authorize life imprisonment as a permissible sentence. As a result of the Legislature's repeated references to life imprisonment as a "term," a harmonious reading of the penal code yields a holding that the Legislature has consistently intended life imprisonment to be considered a "term" of imprisonment. Because we find no persuasive evidence to the contrary, we must hold that life imprisonment is a term of imprisonment.

Lastly, Castle relies on two unpublished cases from the Court of Appeals to support his argument that the longest extended term of imprisonment permitted by KRS 532.080(6)(a) is fifty years. Both cases cited by Castle, *Fitts* [23] and *Cochran,*[24] state that the maximum aggregate consecutive sentence for a Class B felony offender is fifty years.[25] When these quotes are

17. *Bedell,* 870 S.W.2d at 783 (quotation marks omitted).

18. *Id.*

19. *Jefferson Cnty. Bd. of Educ. v. Fell,* 391 S.W.3d 713, 727 (Ky.2012).

20. *Id.*

21. KRS 532.030(1) ("When a person is convicted of a capital offense, he shall have his punishment fixed at death, or at a *term* of imprisonment for life....") (emphasis added).

22. KRS 532.060(2)(a) ("The authorized maximum *terms* of imprisonment for felonies are: (a) For a Class A felony, not less than twenty

(20) years nor more than fifty (50) years, or life imprisonment.") (emphasis added).

23. *Fitts v. Commonwealth,* No. 2009–CA–000032–MR, 2010 WL 323218 (Ky.App. Jan. 29, 2010).

24. *Cochran v. Commonwealth,* No. 2006–CA–001716–MR, 2008 WL 3545841 (Ky.App. Aug. 15, 2008).

25. *Fitts,* 2010 WL 323218, at *5 ("Forty years falls within the maximum restriction in KRS 532.080(6)(a) of fifty years for a class B felony and is therefore, lawfully permissible."); *Cochran,* 2008 WL 3545841, at *2 ("Since Appellant was convicted of a Class B felony, the maximum sentence he could have received was 50 years.")

taken out of context, they appear to support Castle's position; but upon a closer reading of both cases, Castle's reliance is unfounded. First, while unpublished Court of Appeals cases do act as persuasive authority, this Court is in no way bound to follow such authority. Even more damaging to Castle's reliance on these cases is that their persuasiveness is diminished by the procedural and factual circumstances surrounding them.

In both cases, the sentencing issue was decided on grounds other than an interpretation of the maximum allowable consecutive sentence under KRS 532.110(1)(c) and 532.080(6)(a). Procedurally, both *Fitts* and *Cochran* were before the Court of Appeals on a CR 60.02 motion after having been unsuccessful on a matter-of-right appeal before this Court.[26] Because neither Fitts nor Cochran raised the issue of improper sentencing before this Court on direct appeal, the Court of Appeals determined that a CR 60.02 motion was an inappropriate vehicle for challenging their sentences for the first time.[27] As such, both the *Fitts* and *Cochran* courts rejected their respective appellant's sentencing argument on procedural grounds.

Although the Court of Appeals dispensed with the sentencing argument in both cases relied upon by Castle without having to reach the merits, it nonetheless discussed the merits briefly in an attempt to buttress its dismissal on procedural grounds. This dicta is unpersuasive here because of the easily distinguishable factual circumstances in *Fitts* and *Cochran.* Both cases involved consecutive sentences totaling fifty years or less, thereby clearly falling within the numerically articulated range of twenty to fifty years contained within KRS 532.080(6)(a).[28] As a result of the challenged sentences falling within this easily recognizable numerical range, the Court of Appeals was never asked to determine the interplay between the availability of life imprisonment in KRS 532.080(6)(a) and the "extended term" language and seventy-year cap in KRS 532.110(1)(c). Because the court was not asked to answer this question in either case, the pronouncement by the Court of Appeals that the cap on consecutive sentences is fifty years was both erroneous and unpersuasive. Based on all of the factors discussed above, we do not find the opinions of the Court of Appeals in *Fitts* and *Cochran* to be persuasive and decline to adopt their analysis.

We find a more appropriate analysis of KRS 532.110(1)(c) in this Court's unpublished opinion in *Hall v. Commonwealth.*[29] In *Hall,* this Court was presented with a strikingly similar argument in which a defendant convicted of a Class A felony argued that "because fifty years is the long-

**26.** *See Fitts v. Commonwealth,* No. 2004–SC–0653–MR, 2005 WL 2674991 (Ky. Oct. 20, 2005); *Cochran v. Commonwealth,* 114 S.W.3d 837 (Ky.2003).

**27.** *Fitts,* 2010 WL 323218, at *4 ("because Fitts failed to pursue this issue in either his 2005 direct appeal or his 2007 RCr 11.42 motion, he is foreclosed from doing so via CR 60.02."); *Cochran,* 2008 WL 3545841, *2 ("The sentence imposed on Appellant was set forth 'on the face of the record' and thus any challenge to the calculations could have been known to Appellant with the exercise of reasonable diligence. Thus, this issue was not properly brought via CR 60.02.").

**28.** In *Fitts,* the challenged sentence was forty years, *Fitts,* 2010 WL 323218, at *1; and the sentence in *Cochran* was fifty years. *Cochran,* 2008 WL 3545841, at *1.

**29.** *Hall v. Commonwealth,* No. 2001–SC–0814–MR, 2003 WL 21254856 (Ky. May 22, 2003).

est 'term of years' possible under KRS 532.080 for his crimes, a longer consecutive sentence should not be allowed."[30] In rejecting this argument, we held that KRS 532.110(1)(c) does not contemplate the longest "term of years" sentence available under KRS 532.080 but, instead, only refers to the longest available "extended term" when establishing the maximum limit for consecutive sentences.[31] After drawing that distinction, we relied on *Bedell*, just as we have in this case, for the proposition that the longest "extended term" authorized by KRS 532.080 is life imprisonment.[32] In conclusion, we held that "life imprisonment, not fifty years, serves as the uppermost limit of Appellant's consecutive sentences [as a Class A or B felony offender], subject of course to the seventy year cap [in KRS 532.110(1)(c) ]."[33]

In line with our precedent, we again hold that the maximum "extended term" sentence available under KRS 532.080(6)(a) for an offender convicted of a Class A or B felony is life imprisonment. Therefore, the only limitation on the aggregate length of consecutive sentences for defendants whose highest class of crime is a Class A or B felony is the seventy-year cap found in KRS 532.110(1)(c). Because the highest class of crime that Castle was convicted of was a Class B felony and because his sixty-year sentence falls below the seventy-year cap, we affirm the trial court's order sentencing him to serve his sentences consecutively, not to exceed sixty years.

### III. CONCLUSION.

For the foregoing reasons, we find that Castle's sentence did not violate KRS 532.110, so we affirm the judgment.

All sitting. All concur.