v.

**COMMONWEALTH of Kentucky, Appellee**

**NO. 2015–CA–001368–MR**

Court of Appeals of Kentucky.

NOVEMBER 18, 2016; 10:00 A.M.

Discretionary Review Denied by Supreme Court April 19, 2017

BRIEFS FOR APPELLANT: Renee Vandenwallbake, Frankfort, Kentucky

BRIEF FOR APPELLEE: Andrew Beshear, Attorney General, Scott Stutler, Assistant Attorney General, Frankfort, Kentucky

BEFORE: COMBS, THOMPSON, AND VANMETER, JUDGES.

## OPINION

VANMETER, JUDGE:

S.S. appeals the Bullitt Circuit Court order denying his petition for a writ of prohibition, in which he sought to prevent the court from holding a hearing to determine whether he should be transferred to Circuit Court as a youthful offender. For the following reasons, we affirm.

## I. Factual and Procedural Background.

In January 2015, a petition was filed in the Bullitt District Court, Juvenile Division, charging S.S. with multiple Class A felonies, including sodomy in the first de-

gree. The allegations state that the incident occurred between June 30, 1996, and August 15, 1996. At that time, S.S. was eleven or twelve years old, and the victim was six years old.

The Commonwealth filed a motion for the case to be transferred from the Juvenile Division to the Bullitt Circuit Court with S.S. to be tried as a youthful offender pursuant to KRS[1] 635.020(7), which mandates transfer when a defendant reaches the age of eighteen. S.S. filed a motion to deny this transfer based on KRS 635.020(2), which limits transfer for a Class A felony to a defendant fourteen years of age or older. The Bullitt District Court denied S.S.'s motion on July 6, 2015, stating that "KRS 635.020(7) clearly states that this case may be transferred to circuit court specifically under these set of circumstances before the court."

Following the denial of his motion to deny transfer, S.S. filed a petition for a writ of prohibition in the Bullitt Circuit Court, alleging that the District Court would be acting outside its jurisdiction to grant a juvenile transfer hearing when not statutorily authorized. After a hearing on the petition for writ of prohibition, the Bullitt Circuit Court denied S.S.'s motion, holding that the District Court did have jurisdiction to transfer the case pursuant to KRS 635.020(7). This appeal follows.

## II. Standard of Review.

Section 112 of the Kentucky Constitution states that "[t]he Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other court. It shall have such appellate jurisdiction as may be provided by law." CR[2] 81 provides that "[r]elief heretofore available by the remedies of mandamus, prohibition . . .

may be obtained by original action in the appropriate court." SCR[3] 1.040(6) states: "[p]roceedings for relief in the nature of mandamus or prohibition against a district judge shall originate in the circuit court." And finally, KRS 23A.080(2) confers upon the circuit court authority to "issue all writs necessary in aid of its appellate jurisdiction[.]"

Whether to grant or deny a petition for a writ is not just a question of jurisdiction, but also of discretion. *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961) ("The exercise of this authority has no limits except our judicial discretion[.]"). The current rule is:

A writ of prohibition may be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004).

Furthermore, this appeal also concerns statutory interpretation of KRS 635.020. "As a matter of application, all statutes are to be liberally construed to promote the objects and carry out the intent of the General Assembly. Because the construction and application of a statute is a question of law, it is subject to *de novo* review." *Richardson v. Louisville/Jefferson Cty. Metro Gov't*, 260 S.W.3d 777, 779 (Ky. 2008)(internal citations omitted); *see also Bob Hook Chevro-*

1. Kentucky Revised Statutes.

2. Kentucky Rules of Civil Procedure.

3. Kentucky Rules of the Supreme Court.

*let Isuzu, Inc. v. Commonwealth, Transp. Cabinet*, 983 S.W.2d 488, 490–91 (Ky. 1998).

### III. Analysis.

 S.S. argues on appeal that statutory interpretation and due process requires that a defendant be at least fourteen years of age at the time of an alleged felony offense in order to be eligible for transfer to circuit court as a youthful offender. First, he argues that statutory construction requires that KRS 635.020(2) and KRS 635.020(7) be read in harmony to give effect to both sections, and that he is therefore ineligible for transfer. Second, S.S. argues that transfer and prosecution of a juvenile case twenty years later deprives him of the ability to present a defense and violates his due process.

### A. KRS 635.020(2) and (7).

KRS 635.020, titled "Criteria for Determining how Child is to be Tried," reads in relevant part:

> (2) If a child charged with a capital offense, Class A felony, or Class B felony, had attained age fourteen (14) at the time of the alleged commission of the offense, the court shall, upon motion of the county attorney made prior to adjudication, and after the county attorney has consulted with the Commonwealth's attorney, that the child be proceeded against as a youthful offender, proceed in accordance with the provisions of KRS 640.010.
>
> . . .
>
> (7) If a person who is eighteen (18) or older and before the court is charged with a felony that occurred prior to his eighteenth birthday, the court shall, upon motion of the county attorney made prior to adjudication, and after the county attorney has consulted with the Commonwealth's attorney, that the child

be proceeded against as a youthful offender, proceed in accordance with the provisions of KRS 640.010.

At issue in this case are sections (2) and (7), which S.S. alleges are in conflict with one another. S.S. argues that, although section (7) does not seem to require a minimum age for transfer, it must be read in harmony with section (2), which does require a minimum age of fourteen. Therefore, S.S. contends he is ineligible for transfer because, although he is now over eighteen, he was under the age of fourteen at the time of the alleged felony.

 "A statute should be construed, if possible, so as to effectuate the plain meaning and unambiguous intent expressed in the law. A corresponding rule of construction is that a statute should be construed, if possible, so that no part of its provisions are rendered meaningless." *Bob Hook Chevrolet Isuzu*, 983 S.W.2d at 492. All statutes are to be liberally construed to promote the objects and carry out the intent of the General Assembly. KRS 446.080(1); *Osborne v. Commonwealth*, 185 S.W.3d 645, 648 (Ky. 2006). To determine legislative intent, we look first to the language of the statute, giving the words their "usual, ordinary, and everyday meaning." *Osborne*, 185 S.W.3d at 648–49. "The statute must be read as a whole and in context with other parts of the law. All parts of the statute must be given equal effect so that no part of the statute will become meaningless or ineffectual." *Lewis v. Jackson Energy Co-op. Corp.*, 189 S.W.3d 87, 92 (Ky. 2005).

In its denial of the petition for writ of prohibition, the Circuit Court held that the plain language of this statute allows for the transfer of a defendant who is over the age of eighteen under section (7) and does not require that the requirements for transfer of section (2) be satisfied as well.

We agree. As discussed by the Circuit Court, each section of KRS 635.020 provides a different situation in which a defendant may be transferred to Circuit Court as a youthful offender. Although KRS 635.020(2) does require a defendant to be fourteen at the time of the Class A felony in order to be transferred, section (7) only requires that the previously underage defendant currently be over the age of eighteen. The plain reading of the full statute does not require that the minimum age of one section be implied for all situations in which a defendant may be transferred as a youthful offender under the statute.

Furthermore, section (7) mandates that if a defendant has reached the age of eighteen, and is charged with a felony that occurred before his eighteenth birthday, that person "shall" be proceeded against as a youthful offender. Since the facts of this case follow exactly the situation described in section (7), S.S. falls within the mandate for the District Court to hold a transfer hearing. Moreover, if the legislature had intended a minimum age be required for all the situations listed in which a child can be transferred to Circuit Court as a youthful offender, they would have included a minimum age in section (7), as they did in section (2). Additionally, when read in its entirety, each section of the statute ends in a period, has no connecting conjunctions, and contains different nouns, such as "child" versus "person," that shows the legislative intent of the two sections to refer to different situations of transfer. This interpretation of KRS 635.020 as exclusive situations is consistent with that of the Kentucky Supreme Court in *Chipman v. Commonwealth*:

> under the statutory scheme, KRS 635.010–.120 & 640.010–.120, two steps are required before a child will be sentenced as a youthful offender. First, the child must qualify for transfer to circuit court and prosecution as a youthful offender by falling under **one** of the youthful offender provisions in KRS 635.020(2)–(7)... This means that the child's ultimate conviction must continue to qualify him as a youthful offender under **one** of the provisions in KRS 635.020(2)–(7).

313 S.W.3d 95, 97 (Ky. 2010) (emphasis added).

Since KRS 635.020(7) requires the District Court to proceed against S.S. with a youthful offender transfer hearing according to the provisions of KRS 640.010, the District Court has jurisdiction. Therefore, a writ of prohibition is not the appropriate remedy, and the Circuit Court did not err.

## B. Denial of Due Process.

Second, S.S. argues that without a minimum age for transfer to Circuit Court, he is denied his due process of law to defend against transfer as well as to present defenses at trial.

KRS 640.010(2) requires that "[i]n the case of a child alleged to be a youthful offender by falling within the purview of KRS 635.020(2), (3), (5), (6), (7), or (8), the District Court shall ... conduct a preliminary hearing to determine if the child should be transferred to Circuit Court as a youthful offender." KRS 640.010(2)(b) requires that

> [i]f the District Court determines probable cause exists, the court shall consider the following factors before determining whether the child's case shall be transferred to the Circuit Court:

1. The seriousness of the alleged offense;

2. Whether the offense was against persons or property, with greater weight being given to offenses against persons;

3. The maturity of the child as determined by his environment;

4. The child's prior record;

5. The best interest of the child and community;

6. The prospects of adequate protection of the public;

7. The likelihood of reasonable rehabilitation of the child by the use of procedures, services, and facilities currently available to the juvenile justice system; and

8. Evidence of a child's participation in a gang.

Only if the District Court finds that two or more of the eight factors are determined to favor transfer will a defendant be tried as an adult in Circuit Court. KRS 640.010(2)(c).

S.S. argues that these same factors must be examined through the lens of the age at which he allegedly committed this crime, not at his current age. He contends that, since charges were brought nearly twenty years after the alleged crime, reconstructing his mental and developmental state at the time of the crime is "nearly impossible" and a transfer to Circuit Court denies him the ability to present defenses of incompetence or incapacity due to youth, and the inability to form the requisite intent for first degree sodomy.

 The Circuit Court stated that holding a transfer hearing on S.S.'s case did not deny him due process or the protections of the juvenile code; in fact, S.S. is "being offered the full protections of the juvenile code by being afforded a hearing on transfer in accordance with the juvenile code." We agree. The Circuit Court merely ruled that KRS 635.020(7) applies, and the District Court has jurisdiction to proceed with a youthful offender transfer hearing under KRS 640.010. Neither the transfer hearing nor a definitive transfer to Circuit Court has yet occurred. "A juvenile transfer proceeding does not involve sentencing or a determination of guilt or innocence. The decision to transfer a juvenile to circuit court involves the determination of which system is appropriate for a juvenile defendant." *Caldwell v. Commonwealth*, 133 S.W.3d 445, 453 (Ky. 2004)(overruled on other grounds). This preliminary transfer hearing will afford S.S. an opportunity to present his case as to why he should not be transferred to Circuit Court under the factors contained in KRS 640.010(2)(b). S.S. provides no explanation for why holding a transfer hearing would deny his due process in future proceedings; at best, this argument is premature.

## IV. Conclusion.

The trial court did not err in denying the writ of prohibition. For the foregoing reasons, the order of the Bullitt Circuit Court is affirmed, and the District Court should proceed with the transfer hearing.

ALL CONCUR.