THOMPSON, JUDGE:
Cedric Grady appeals from an order of the Jefferson Circuit Court denying his motion pursuant to Kentucky Rules of Civil Procedure (CR) 60.02 alleging that a sentence imposed in 2013 was illegal because it exceeded the statutory maximum.
On October 22, 2006, Grady robbed Paul Criswell at gunpoint, shooting him in the chest. Two days later, on October 24, 2006, *358 Grady robbed Jennifer Rogers at gunpoint. He then led police on a high-speed chase and, after wrecking his car and attempting to break into an occupied apartment, he broke into a different apartment to hide from police.
Grady was indicted on a variety of charges arising from his two-day crime spree. He was convicted in the Jefferson Circuit Court on two counts of first-degree robbery, one count of second-degree assault, one count of theft by unlawful taking over $300, one count of second-degree burglary, two counts of first-degree wanton endangerment, one count of first-degree fleeing or evading the police and one count of first-degree unlawful imprisonment. Grady was also found to be a first-degree persistent felony offender. He was sentenced to seventy-years' imprisonment. Grady v. Commonwealth , 325 S.W.3d 333, 338 (Ky. 2010). Grady appealed, and the Supreme Court reversed and remanded. Id.
The charges for which Grady was retried were contained in three separate indictments. 07-CR-0227 charged first-degree robbery for the robbery of Jennifer Rogers. 07-CR-1561 charged second-degree burglary; fleeing or evading police with a motor vehicle; two counts of first-degree wanton endangerment; first-degree unlawful imprisonment; and second-degree criminal attempt, burglary. 11-CR-1968 charged first-degree robbery for the robbery of Paul Criswell; second-degree assault; possession of a handgun by a convicted felon; and theft by unlawful taking over $300.
On the third day of trial, Grady's counsel and the Commonwealth announced a plea agreement had been reached to resolve all the charges. The trial court was given the plea sheets for indictment 07-CR-0227, 07-CR-1561 and 11-CR -1968 and noted the Commonwealth's recommendations. In 07-CR-0227, Grady agreed to plead guilty to first-degree robbery and the Commonwealth recommended a total of ten years. In 07-CR-1561, Grady agreed to plead guilty to second-degree burglary, fleeing or evading with a motor vehicle, two counts of first-degree wanton endangerment, first-degree unlawful imprisonment, and the criminal attempt charge. The Commonwealth recommended a total of ten years. On 11-CR-1968, the first-degree robbery was amended to second-degree robbery. In exchange for Grady's guilty plea to those charges, the Commonwealth recommended a total of twenty years for the robbery and ten years on each of the assault and possession charges. The theft charge was dismissed.
The ten-year sentence in 07-CR-1561 and the twenty-year sentence in 11-CR-1968 were to run consecutively for a total of thirty years to run consecutively to the ten-year sentence in 07-CR-0227. Grady agreed to serve the ten-year sentence in 07-CR-0227 after which, the remaining thirty-year sentence in 07-CR-1561 and 11-CR -1968 would be probated for five years.
During the plea colloquy, the trial court read the charges from each of the three indictments. Regarding 07-CR-0227, the trial court indicated that on October 24, 2006, Grady robbed Jennifer Rogers at gunpoint and stole $552. Grady admitted that those facts were true. Regarding 07-CR-1561 and 11-CR -1968, Grady admitted he led police on a high-speed chase threatening the lives of two officers, attempted to burglarize a home, burglarized another home and held the occupant against his will. He further admitted as true that on October 22, 2006, he robbed Paul Criswell.
After admitting the facts in the three indictments and pleading guilty, Grady asked to be sentenced that day. Grady was sentenced in accordance with the Commonwealth's recommendations.
The trial court issued a judgment in 07-CR-0227 and a separate judgment in the *359 consolidated cases of 07-CR-1561 and 11-CR -1968, which expressly referenced the sentence in 07-CR-0227 stating as follows:
The sentence under Indictment No. 07CR1561 shall run consecutive to the sentence under Indictment No. 11CR1968 for a total sentence of thirty (30) years. This sentence shall run consecutive to Indictment No. 07CR0227. The sentence under Indictment No. 07CR1561 and Indictment No. 11CR1968 of thirty (30) years shall be probated for a period of five (5) years to begin after the Defendant completes his ten (10) sentence under Indictment No. 07CR0227.
On September 17, 2014, Grady filed a CR 60.02 motion pursuant to sections (e) and (f) arguing that he received an illegal sentence. He argued that the sentences in 07-CR-1561 and 11-CR -1968 were illegal because the highest crime of which he was convicted in those indictments was a Class C felony and the maximum sentence was twenty years.
The trial court ruled that Grady's motion pursuant to CR 60.02 was procedurally improper because he did not first seek relief from his alleged illegal sentence pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. While we disagree with this procedural ruling, we affirm on other grounds.
Our Supreme Court has instructed that even unpreserved sentencing issues may be reviewed by an appellate court because of its "inherent jurisdiction to correct an illegal sentence." Jones v. Commonwealth, 382 S.W.3d 22, 27 (Ky. 2011). Those sentences that fall "outside the permissible sentencing range cannot stand uncorrected." McClanahan v. Commonwealth , 308 S.W.3d 694, 700 (Ky. 2010). As the Court reminded in McClanahan , sentencing is "one of a trial judge's most solemn responsibilities." Id. at 704. It further emphasized that "[i]t is the faithful adherence to the policies of justice embodied in our sentencing statutes and rules that preserves the great respect and high regard most citizens of this Commonwealth have for our trial court judges." Id. Moreover, overruling prior cases to the contrary, the Court in McClanahan held that a defendant cannot consent to an illegal sentence. Id. at 698.
Because illegal sentences cannot go uncorrected, relief from such a sentence is available through four separate avenues: (1) direct appeal; (2) writ; (3) RCr 11.42 ; or (4) CR 60.02. Jones, 382 S.W.3d at 27. As indicated by the Court in Jones , the imposition of an illegal sentence is so fraught with constitutional infirmities, an aggrieved defendant may seek relief through any one of those avenues. We hold Grady's CR 60.02 motion is not procedurally barred and address its merits.
Grady does not dispute that the trial court acted within its statutory authority when it ordered consecutive sentences. Kentucky Revised Statutes (KRS) 532.110 ; Goldsmith v. Commonwealth , 363 S.W.3d 330, 334 (Ky. 2012). He argues that the longest aggregate sentence that could be imposed is twenty years, the maximum aggregate sentence for Class D and C felonies. The flaw in Grady's argument is that he was also convicted of a Class B felony.
While none of Grady's convictions in 07-CR-1561 and 11-CR -1968 exceeds the Class C felony classification, in 07-CR-0227, he pled guilty to first-degree robbery, a Class B felony. KRS 515.020(2). KRS 532.110(1) provides in part:
When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, the multiple sentences shall run concurrently or consecutively *360 as the court shall determine at the time of sentence, except that:
(c) The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed. In no event shall the aggregate of consecutive indeterminate terms exceed seventy (70) years[.]
In Castle v. Commonwealth , 411 S.W.3d 754, 761 (Ky. 2013), the Court explained that "the only limitation on the aggregate length of consecutive sentences for defendants whose highest class of crime is a Class A or Class B felony is the seventy-year cap found in KRS 532.110(1)(c)." Under the statutory sentencing scheme, a trial court acts well within its discretion when it imposes an aggregate sentence of more than twenty years when the defendant is convicted of Class D, C, and B felonies.
Despite the trial court's clear statutory authority, Grady argues that this Court should ignore that he also pled guilty to a Class B felony as part of his plea agreement to resolve all the charges contained in 07-CR-0227, 07-CR-1561 and 11-CR -1968 simply because two separate judgments of conviction and sentence were entered. After review of the plea colloquy, the sentencing, and the judgment entered in 07-CR-1561 and 11-CR -1968, it is evident that the first-degree robbery conviction was part of Grady's aggregate sentence. The aggregate sentence imposed was well within the statutory maximum.
For the reasons stated, the order of the Jefferson Circuit Court is affirmed.
ALL CONCUR.