RENDERED: FEBRUARY 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0794-MR

FLOYD COLLINS, JR.                                        APPELLANT

v.
APPEAL FROM MEADE CIRCUIT COURT
HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 19-CR-00023

COMMONWEALTH OF KENTUCKY                                APPELLEE

AND

NO. 2024-CA-0126-MR

FLOYD COLLINS, JR.                                        APPELLANT

v.
APPEAL FROM MEADE CIRCUIT COURT
HONORABLE JOHN M. MCCARTY, SPECIAL JUDGE
ACTION NO. 19-CR-00023

COMMONWEALTH OF KENTUCKY                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE: Floyd Collins, Jr. appeals *pro se* from the Meade Circuit Court's denial of his two *pro se* motions for postconviction relief. We affirm.

Collins was charged with twelve counts of first-degree sexual abuse of a minor and ten counts of possession of matter portraying sexual performance of a minor. In May 2022, Collins entered into a plea agreement under which he would plead guilty to each count of possession of matter portraying sexual performance by a minor, a Class D felony here. *See* Kentucky Revised Statute ("KRS") 531.335(3)(a). The penalty range for a single Class D felony is one to five years' imprisonment under KRS 532.060(2)(d). Under the agreement, Collins would receive the minimum sentence of one year for each count, but each sentence would be served consecutively for a total of ten years' imprisonment. The sexual abuse charges, which were Class C felonies here with a penalty range of five to ten years' imprisonment, were to be dismissed. *See* KRS 510.110(2); KRS 532.060(2)(c).

At the guilty plea hearing, the judge and Commonwealth were present in a courtroom, but Collins and his attorney were not. Unlike a typical proceeding held via videoconference, Collins and his counsel could be heard but not seen. So, the judge twice (once before and once after a recess) asked counsel if Collins was in counsel's presence. Collins' counsel twice responded affirmatively.

Collins' attorney stated that Collins wished to enter an *Alford*[1] plea, but the trial court refused to accept such a plea. After a brief recess, Collins agreed to plead guilty without making an *Alford* distinction. When asked by the court, Collins admitted he understood the charges and the sentence contained in the plea agreement, and stated he was satisfied with his attorney's performance and had not been coerced to plead guilty. The trial court accepted Collins' guilty plea.

Collins was present in person for sentencing. Unfortunately, background chatter at times makes the dialogue at sentencing difficult to discern.

When the sentencing began, Collins'attorney told the trial court that Collins had fallen. The trial court remarked that Collins did not appear to "feel very good today." Collins responded that he had fallen in the shower. The court asked if Collins had sought medical attention. Collins responded, "I think I did." The trial court responded "ok, alright" and, without objection, went forward with the sentencing. The trial court sentenced Collins to a total of ten years' imprisonment, as per the plea agreement.

Collins later filed a *pro se* motion for relief under Kentucky Rule of Criminal Procedure ("RCr") 11.42 and Kentucky Rule of Civil Procedure ("CR")

---

[1] Named after *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), an "*Alford* plea" is "[a] guilty plea that a defendant enters as part of a plea bargain without admitting guilt." BLACK'S LAW DICTIONARY (12th ed. 2024).

60.02.  The trial court denied Collins' motion without first holding a hearing.

Collins appealed, and that appeal is Case No. 2023-CA-0794-MR.

While that appeal was pending, Collins filed a *pro se* motion to correct sentence in October 2023.  Collins asserted his ten-year sentence exceeded what he believed was a five-year statutory maximum.  A special judge denied that motion.  Collins appealed, and that appeal is Case No. 2024-CA-0126-MR.[2]

**Collins' Deficient Briefs**

Before we begin our analysis, we must resolve the Commonwealth's request to strike Collins' briefs because they do not contain preservation statements or adequate citations to the record.  *See* Kentucky Rules of Appellate Procedure ("RAP") 32(A)(3)-(4).  RAP 31(H)(1) gives us the discretion to strike Collins' deficient briefs.  However, we prefer to resolve appeals on the merits and have chosen to do so here without imposing sanctions.

**Standards of Review**

"We review a trial court's decision whether to grant relief pursuant to CR 60.02 or RCr 11.42 for an abuse of discretion."  *Stanford v. Commonwealth*, 643 S.W.3d 96, 99 (Ky. App. 2021).  A trial court abuses its discretion if its

---

[2] "Because the appeals have common facts . . . we have elected to resolve both in this combined Opinion.  We have considered the parties' extensive arguments and citations to authority but will discuss only the arguments and cited authorities we deem most pertinent, the remainder being without merit, irrelevant, or redundant."  *Schell v. Young*, 640 S.W.3d 24, 29 n.1 (Ky. App. 2021).

decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal

principles." *Id.* (internal quotation marks and citations omitted). However, we

review issues of statutory interpretation *de novo*. *Id.*

Our Supreme Court has outlined what Collins is required to show to

be entitled to relief under RCr 11.42 as follows:

> To successfully establish the invalidity of a guilty plea
> based upon the allegedly deficient performance of
> defense counsel, the movant must satisfy both prongs of
> the two-part test set forth in *Strickland v. Washington*,
> 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)
> and restated by this Court in *Bronk v. Commonwealth*, 58
> S.W.3d 482, 486-487 (Ky. 2001). The movant must
> demonstrate that: (1) defense counsel's performance fell
> outside the wide range of professionally competent
> assistance; and that (2) a reasonable probability exists
> that, but for the deficient performance of counsel, the
> movant would not have pled guilty, but would have
> insisted on going to trial. In making that determination,
> the trial court must indulge the strong presumption that
> counsel's conduct fell within the wide range of
> reasonable professional assistance. *Strickland*, 466 U.S.
> at 689, 104 S. Ct. 2052. The trial court must "consider
> the totality of the circumstances surrounding the guilty
> plea and juxtapose the presumption of voluntariness
> inherent in a proper plea colloquy with a *Strickland . . .*
> inquiry into the performance of counsel[.]" *Bronk*, 58
> S.W.3d at 486 (citations omitted). "[T]he trial court must
> evaluate whether errors by trial counsel significantly
> influenced the defendant's decision to plead guilty in a
> manner which gives the trial court reason to doubt the
> voluntariness and validity of the plea." *Id.* at 487.

*Commonwealth v. Rank*, 494 S.W.3d 476, 481 (Ky. 2016) (brackets found in

*Rank*). To satisfy the prejudice prong, "conclusory allegations are insufficient."

*Commonwealth v. Thompson*, 548 S.W.3d 881, 894 (Ky. 2018). Instead, Collins "must allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been rational, *e.g.*, valid defenses, a pending suppression motion that could undermine the prosecution's case, or the realistic potential for a lower sentence." *Id.* (internal quotation marks and citation omitted).

Collins is entitled to relief under CR 60.02 if he shows this is one of the rare, "extraordinary situations when relief is not available on direct appeal or under RCr 11.42." *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014). Collins bears the heavy burden to "affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief. To justify relief, the movant must specifically present facts which render the original trial tantamount to none at all." *Id.* at 885-86 (internal quotation marks and citations omitted). In short, "we will affirm the lower court's decision unless there is a showing of some flagrant miscarriage of justice." *Id.* at 886 (internal quotation marks and citation omitted).

**Motion to Correct Allegedly Illegal Sentence**

An illegal sentence cannot be tolerated. *Commonwealth v. Moore*, 664 S.W.3d 582, 590 (Ky. 2023). But Collins' sentence is not illegal.

KRS 532.110(1)(c) provided[3] in relevant part:

> When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime . . . [t]he aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed.

Collins' maximum sentence thus was the longest sentence allowed under KRS 532.080 for a persistent felony offender convicted of an underlying Class D felony – even though Collins is not a persistent felony offender. "For purposes of KRS 532.110(1)(c), a defendant does not have to be adjudicated a Persistent Felony Offender for his sentence to be determined by reference to our PFO statute." *Castle v. Commonwealth*, 411 S.W.3d 754, 757 (Ky. 2013).

KRS 532.080(6)(b) provides that upon conviction for an underlying Class C or D felony, a persistent felony offender in the first degree "shall be sentenced to an indeterminate term of imprisonment, the maximum of which shall not be less than ten (10) years nor more than twenty (20) years." Therefore, instead of the five-year maximum sentence for one Class D felony conviction, the maximum total cumulative sentence for Collins' ten Class D felony convictions

---

[3] We quote from the statute as it existed in 2023, when Collins filed his motion. Application of the statute as amended in 2024 would not substantively impact our analysis or the end result.

was twenty years' imprisonment. Since his ten-year cumulative sentence is below that cap, Collins' sentence was not illegal.

## Ineffective Assistance of Counsel Claims

"Motions which fail adequately to specify grounds for relief may be summarily denied, as may be motions asserting claims refuted or otherwise resolved by the record." *Stiger v. Commonwealth*, 381 S.W.3d 230, 234 (Ky. 2012). Application of that bedrock principle dooms many of Collins' fatally fleeting and vague arguments.

Collins asserts counsel coerced him to plead guilty but does not explain the coercion in requisite detail. Moreover, Collins stated at the guilty plea hearing that he was not coerced to plead guilty. As our Supreme Court held:

> the record simply refutes any allegation that [the movant] was improperly induced or coerced into pleading guilty, or that his guilty plea was unknowing or otherwise involuntary. It is undisputed that the trial court conducted a properly thorough colloquy with [the movant] before accepting [the movant's] guilty plea. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Williams v. Commonwealth*, 336 S.W.3d 42, 50 (Ky. 2011) (quotation marks, footnotes, and citations omitted).

Collins asserts that counsel should have challenged Collins' competency due to his purported post-traumatic stress disorder. However, Collins cites to nothing, such as medical records, to support his claimed condition or incompetency. Moreover, though Collins argues the trial court should have explored his competency and the voluntariness of his guilty plea further, Collins stated when he pleaded guilty that he was not coerced into doing so and he points to nothing specific which reasonably gave the trial court grounds to question his competency. Collins only said he fell prior to sentencing and neither he nor counsel expressed any further concerns about proceeding with the sentencing.

Collins' claim that defense counsel failed to contact witnesses, or prepare a defense at trial, is also fatally flawed because Collins has not stated what witnesses should have been contacted, what crucial evidence the unspecified witnesses would have presented, or how that unspecified evidence from unspecified witnesses would rationally have caused Collins to reject the plea offer. Collins fleetingly asserts counsel should have hired a forensic expert but does not explain what information that expert would have provided sufficient to have made it rational for Collins to have rejected the plea offer.

Collins also does not explain what allegedly meritorious defenses counsel should have pursued or how further investigation by counsel or additional meetings between Collins and his attorney would rationally have impacted Collins'

decision to plead guilty or would have changed the outcome at a trial. A generic assertion that a more favorable resolution would have been achieved if counsel had taken unspecified, vague further actions is insufficient.

Collins also argues his counsel was ineffective for failing to file allegedly meritorious motions. But Collins does not specify what meritorious motions counsel failed to file, or how those motions would have rationally impacted Collins' decision to plead guilty. For example, Collins does not specify a potentially meritorious defense or motion to suppress. *Thompson*, 548 S.W.3d at 894. Collins also faults counsel for filing allegedly frivolous motions, but Collins fails to explain how those motions reasonably impacted the decision to plead guilty. Indeed, the motion for shock probation Collins alleges was frivolous was filed after Collins had pleaded guilty and been sentenced.

Finally, Collins is not entitled to relief on his claim that counsel was ineffective for not failing to challenge the sufficiency of the indictment. The gist of Collins' claim is that the indictment was defective because it referred to improper images being found on multiple USB memory sticks when, in fact, there apparently was only one such stick.

Collins has not shown how that typographical-type error entitles him to relief. A guilty plea generally forecloses claims regarding an allegedly defective indictment, other than a claim that the indictment does not charge an offense.

*Jackson v. Commonwealth*, 363 S.W.3d 11, 16 (Ky. 2012). But "all that is necessary for an indictment properly to charge an offense is to name the offense." *Parker v. Commonwealth*, 291 S.W.3d 647, 656 (Ky. 2009) (internal quotation marks and citations omitted). This indictment sufficiently named the offenses for which Collins pleaded guilty. Thus, even if we were to assume the reference to multiple USB sticks was incorrect, that minor error did not impact the validity of the indictment. Collins' counsel was not required to challenge the sufficiency of a facially valid indictment. "An attorney cannot be ineffective for failing to raise a non-meritorious claim." *Williams*, 336 S.W.3d at 47.

Collins also argues the trial court did not sufficiently confirm that he was present during the guilty plea hearing. This claim is based on the peculiar fact that neither Collins nor his counsel was visible to the court during the hearing.[4]

But the record contains more than just a disembodied voice claiming to be Collins. The trial court asked Collins' counsel twice, including once mentioning counsel's status as an officer of the court, if counsel were in Collins' presence. Counsel twice responded in the affirmative. "From time immemorial lawyers have in a peculiar sense been regarded as officers of the court." *In re Stump*, 272 Ky. 593, 114 S.W.2d 1094, 1097 (1938). As such, an attorney is

---

[4] Because Collins does not directly raise the issue, we decline to address whether it is inherently improper for a court to allow a defendant whom the court cannot see to plead guilty.

strictly obligated to not knowingly make false statements of fact or law to a tribunal. *See* Rules of the Supreme Court ("SCR") 3.130(3.3)(a)(1).

Collins has offered nothing specific to show that his counsel violated that bedrock duty by falsely stating that Collins was with counsel. Notably, Collins has not submitted an affidavit or similar evidence directly asserting that he was not actually present with counsel during the guilty plea hearing. Tellingly, Collins did not later argue, such as at sentencing, that he had not pleaded guilty. Also, Collins' motion is fatally generic as he has not shown exactly what else the trial court was required to do, nor has he cited any applicable authority requiring the trial court to take additional specific actions. The record would have been more irrefutable if Collins and his counsel had been visible to the court but, under these facts, Collins has not shown an entitlement to postconviction relief.

We also affirm regarding Collins' sundry claims regarding his bond. One condition of his pretrial release forbade Collins from using the internet or social media. However, it appears undisputed that the trial court required Collins to appear for a court proceeding via Zoom or similar videoconferencing program. The Commonwealth then moved to revoke Collins' bond due, apparently, to Collins having used the internet to appear electronically for a court proceeding – even though Collins did so at the court's direction. A special judge denied the revocation motion because Collins had merely been obeying the trial court's

orders. However, the special judge added bond conditions forbidding Collins from owning, or possessing, a computer or cell phone.

Collins raises several arguments involving the bond revocation motion and the order denying same. However, Collins cites to no authority entitling him to postconviction relief. At first blush, the motion to revoke is curious and it is not obvious why the special judge added conditions to Collins' bond. However, any issues involving the attempted bond revocation and the order denying same are moot because there is no ongoing, live controversy regarding Collins' bond since Collins pleaded guilty and was sentenced. Thus, any opinion involving Collins' bond would be advisory, and we do not issue such opinions. *Commonwealth v. Terrell*, 464 S.W.3d 495, 498 (Ky. 2015). In sum, Collins has not shown an entitlement to relief for any issues involving bond proceedings.

Similarly, Collins has not cited to any specifics to support his claim that the Commonwealth demeaned him. Collins also has not explained how that alleged prosecutorial misconduct reasonably impacted his decision to plead guilty.

Next, Collins tersely argues that there was not a proper chain of custody for certain evidence. But Collins does not specify how that allegedly improper chain of custody entitles him to relief or impacted his decision to accept the plea agreement. Collins' first counsel filed a motion to exclude evidence based on chain of custody reasons. That motion, for whatever reason, apparently was

never resolved by the trial court. Nonetheless, Collins pleaded guilty, so we cannot know with certainty whether the evidence would have been admissible. Collins' guilty plea is a "break in the chain of events" which generally prevents him from raising such issues which arose prior to that plea. *See, e.g.*, *Centers v. Commonwealth*, 799 S.W.2d 51, 55 (Ky. App. 1990).

Finally, we reject Collins' argument that he is entitled to cumulative error relief. "Cumulative error is the doctrine under which multiple errors, although harmless individually, may be deemed reversible if their cumulative effect is to render the trial fundamentally unfair." *Mason v. Commonwealth*, 559 S.W.3d 337, 344 (Ky. 2018) (internal quotation marks and citation omitted). Collins has not shown an entitlement to cumulative error relief because we discern no errors, nor do we perceive that Collins has shown an entitlement to an evidentiary hearing.

For the foregoing reasons, the Meade Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Floyd Collins, Jr., *pro se*
LaGrange, Kentucky

BRIEFS FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky