RENDERED: JANUARY 23, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1549-MR


RUSSELL ROBERTS                                                APPELLANT


                  APPEAL FROM SCOTT CIRCUIT COURT
v.          HONORABLE JEREMY MICHAEL MATTOX, JUDGE
                     ACTION NO. 23-CR-00399


COMMONWEALTH OF KENTUCKY                           APPELLEE


AND


NO. 2024-CA-1550-MR


RUSSELL ROBERTS                                                APPELLANT


                  APPEAL FROM SCOTT CIRCUIT COURT
v.          HONORABLE JEREMY MICHAEL MATTOX, JUDGE
                     ACTION NO. 24-CR-00197


COMMONWEALTH OF KENTUCKY                           APPELLEE

\*\* \*\* \*\* \*\* \*\*

BEFORE:  CETRULO, COMBS, AND L. JONES, JUDGES.

COMBS, JUDGE:  The sole issue in this consolidated appeal is whether

Appellant's sentence is in violation of the three-year statutory limit imposed

pursuant to KRS[1] 218A.1415(2)(a).  After our review, we find no error and affirm.

This appeal involves two separate criminal cases, Scott County Nos.

23-CR-00399 and 24-CR-00197.  Roberts was convicted of first-degree possession

of a controlled substance in each case.

The first case originated on October 2, 2022, when Roberts was

charged with first-degree possession of a controlled substance and possession of

drug paraphernalia (No. 23-CR-00399).

More than a year and one-half later, on May 14, 2024, Roberts was

charged with new offenses resulting from a traffic stop, including: first-degree

possession of a controlled substance, giving an officer false identifying

information, and public intoxication (controlled substance) (No. 24-CR-00197).

On June 3, 2024, Roberts entered a plea to first-degree possession in

the first case, No. 23-CR-00399.  He was sentenced to three years, probated for

---

[1] Kentucky Revised Statutes.

three years. The drug paraphernalia charge was dismissed. In July 2024, Roberts's probation officer filed violation of supervision reports in that case.

On September 9, 2024, Roberts pled guilty to first-degree possession of a controlled substance in the second case, No. 24-CR-00197. The remaining charges were dismissed. A sentencing hearing was scheduled for December 2, 2024.

On December 2, 2024, the trial court conducted a combined probation revocation hearing in Case No. 23-CR-00399 and a sentencing hearing in Case No. 24-CR-00197. The trial court revoked Roberts's probation.[2] Defense counsel argued that the maximum term to which Roberts could be sentenced would be three years, to be served concurrently, because the statutory cap in KRS 218A.1415 is controlling. The trial court disagreed and explained that these were two different incidents, two different charges not related to one another, occurring on different dates more than a year apart. The trial court sentenced Roberts to three years in Case No. 24-CR-00197 and ordered it to run consecutively to his other sentence for a total of six years.

---

[2] The revocation of probation is not at issue. As Roberts explains in his reply brief, he has been released on parole and relinquishes the argument he raised in his appellant's brief regarding probation revocation.

Roberts appeals. He contends that his sentence violates KRS 218A.1415. "Because the construction and application of a statute is a question of law, it is subject to *de novo* review." *S.S. v. Commonwealth*, 515 S.W.3d 201, 203 (Ky. App. 2016) (internal quotation marks and citations omitted).

In relevant part, KRS 218A.1415 provides as follows:

> (2) Possession of a controlled substance in the first degree is a Class D felony subject to the following provisions:
>
>> (a) The maximum term of incarceration shall be no greater than three (3) years, notwithstanding KRS Chapter 532[.[3]]

KRS 532.110 governs concurrent and consecutive terms of imprisonment. The version in effect when Roberts committed his crimes[4] provided as follows in relevant part:

> (1) When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:

---

[3] Under KRS 532.060(2)(d), the sentence of imprisonment for a Class D felony is "not less than one (1) year nor more than five (5) years."

[4] Our Supreme Court has "consistently interpreted KRS 446.110 to require courts to sentence a defendant in accordance with the law which existed at the time of the commission of the offense unless the defendant specifically consents to the application of a new law which is 'certainly' or 'definitely' mitigating." *Lawson v. Commonwealth*, 53 S.W.3d 534, 550 (Ky. 2001) (footnote omitted).

. . .

> (c) The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed. In no event shall the aggregate of consecutive indeterminate terms exceed seventy (70) years[.]

As our Supreme Court explained in *Castle v. Commonwealth*, 411 S.W.3d 754, 757 (Ky. 2013):

> KRS 532.110(1)(c)'s reference to KRS 532.080, Kentucky's Persistent Felony Offender statute, is only a "yardstick" to determine the maximum allowable term of incarceration for consecutive sentences. For purposes of KRS 532.110(1)(c), a defendant does not have to be adjudicated a Persistent Felony Offender for his sentence to be determined by reference to our PFO statute.
>
> Section KRS 532.080(6)(b) of the PFO statute provides that:
>
> If the offense for which he presently stands convicted is a Class C or Class D felony, a persistent felony offender in the first degree shall be sentenced to an indeterminate term of imprisonment, the maximum of which shall not be less than ten (10) years nor more than twenty (20) years.

We have reviewed Roberts' argument on appeal, but we are not persuaded by his analysis. We conclude that the trial court correctly determined that KRS 218A.1415(2)(a) did not apply to cap the maximum ***aggregate*** sentence at three years under the facts of this case involving two different incidents and different charges on different dates. The reasoning in *Wynn v. Commonwealth*,

713 S.W.3d 122 (Ky. 2025), cited by the Commonwealth, further supports our conclusion.

> Wynn . . . had already pled guilty to possession of a firearm by a convicted felon prior to being charged with first-degree bail jumping. That distinction is crucial because the "sentencing cap" statute, KRS 532.110(1)(c), "does not extend to sentences resulting from previous cases," *i.e.*, those sentences resulting from a "previous indictment and trial." *Johnson v. Commonwealth*, 553 S.W.3d 213, 220 (Ky. 2018); *Bryant v. Commonwealth*, No. 2023-SC-0218-MR, 2024 WL 3930042 (Ky. Aug. 22, 2024).
>
> . . .
>
> Like the appellant in *Johnson*, Wynn had already been separately indicted, convicted, and sentenced in case No. 21-CR-00068 prior to being tried, convicted, and sentenced for first-degree bail jumping in case No. 22-CR-00179. Therefore, our precedent would dictate that the "sentencing cap" of KRS 532.110(1)(c) did not require the trial court to fix Wynn's penalty for first-degree bail jumping at thirteen years of imprisonment, so as to keep his "aggregate" punishment for both felony convictions below twenty years of imprisonment. Any contrary interpretation of the General Assembly's "sentencing cap" statute would lead to an absurd result. Under a contrary interpretation of KRS 532.110(1)(c), any criminal who was convicted of having committed a Class D felony and was thereafter sentenced would be free to commit any number of Class D felonies with the peace of mind of knowing that he could only receive an aggregate prison sentence of, at most, twenty years. This cannot be what the legislature intended when it enacted KRS 532.110(1)(c).

In the case before us, Roberts had already been convicted and sentenced in Case No. 23-CR-00399 prior to being convicted and sentenced in Case No. 24-CR-00197.  To require that Roberts's aggregate punishment for both felony convictions under KRS 218A.1415(2)(a) be limited to a total of three years would lead to a similarly absurd result as cited in *Wynn*, *supra*.

Accordingly, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Travis Bewley
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky