Warren **LARUE**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 12, 1972.

G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellant.

Ed W. Hancock, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Warren Larue was convicted in the Warren Circuit Court of the crime of conversion of a motor vehicle. KRS 434.040. His punishment was fixed by the jury at two years in the state penitentiary. He appeals. We affirm.

On November 13, 1970, the Yellow Cab U-Drive-It Company of Bowling Green, Kentucky, leased a 1965 Chevrolet moving van to a person who identified himself as "James Steele." He presented a driver's license issued in the name of "James Steele" and signed the rental agreement as "James Steele." At the trial, employees of the rental agency positively identified Larue as the person who rented the truck and signed the contract. They also identified another man, the real James Steele, as the person who had accompanied Larue to the rental agency. Steele denied being in Bowling Green on the day in question and testified that he had lost his driver's license in Louisville, Kentucky, sometime prior to November 13, 1970.

Under the rental agreement, the truck was to be returned to Bowling Green on or before November 16, 1970. The truck was not returned. It was found by the State Police in Hardin County, Kentucky, on December 10, 1970, on a farm belonging to John A. Cordin. When it was found, the body of the truck had been removed and a 24-foot cattle rack had been placed thereon. It was established that the parts of the truck that had been removed were either buried or burned.

The sole issue on this appeal is whether the Warren Circuit Court had venue.

Larue contends that the only evidence relating to the conversion of the truck was that it was found in Hardin County and that if any conversion occurred at all it took place in Hardin County and not in Warren County where Larue was tried.

KRS 434.040 provides as follows:

"Any person who fraudulently converts to his own use, or secretes with intent to convert fraudulently to his own use, any motor vehicle or any part of a motor vehicle delivered to him, shall be punished as provided in KRS 433.220 or 433.230, depending upon the value of the vehicle or part."

■ Only slight evidence is required to sustain venue in a criminal prosecution since venue does not affect the guilt or innocence of the party accused and slight circumstances from which the jury might infer the place where the crime was committed are sufficient. Vinson v. Commonwealth, Ky., 248 S.W.2d 430 (1952); Hardin v. Commonwealth, Ky., 437 S.W.2d 931 (1968); Gregory v. Commonwealth, Ky., 444 S.W.2d 265 (1969).

■ In the instant case, the evidence showing the highly suspicious manner in which Larue rented the truck, coupled with his failure to return the truck as agreed upon, provided more than slight evidence that at the time Larue obtained possession of the truck he did so fraudulently and with the intent to convert the same to his own use. Thus, it could be found that the conversion of the truck occurred in Warren County on November 13, 1970; wherefore, Larue was properly tried on the offense in the Warren Circuit Court.

The judgment is affirmed.

All concur.