David Randolph BEDELL, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 90–SC–965–MR.

Supreme Court of Kentucky.

April 22, 1993.

As Modified on Denial of Rehearing
Jan. 31, 1994.

Rebecca Ballard Diloreto, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

Chris Gorman, Atty. Gen., Dina Abby Jones, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

## OPINION OF THE COURT

This appeal is from a judgment based on a jury verdict which convicted Bedell of murder with a sentence of life without parole for twenty-five years; first-degree rape with a sentence of twenty years; kidnapping with a sentence of twenty years; and first-degree wanton endangerment with a sentence of five years; and first-degree unlawful imprisonment with a sentence of five years. These sentences were ordered to run consecutively.

The questions presented are whether Jefferson County was the proper venue for trial of the rape and murder charges; whether the jury instructions for rape and murder were proper; whether the convictions for rape and kidnapping constituted double jeopardy multiple prosecutions; and whether the video tape and photographs of the victim were properly admitted into evidence.

The body of a 21–year–old female, who was a substitute newspaper carrier, was discovered in a cemetery on August 5, 1989. She had been raped and shot twice. Earlier that day there had been a report that two people had been abducted by a heavy-set man with a moustache and blond hair while they were in the process of delivering newspapers between 3:30 a.m. and 4:30 a.m. on Old Stone Lane in Jefferson County. One of the victims managed to escape. The other did not. The case was investigated jointly by Jefferson and Oldham County officers. The cemetery where the body was discovered is located on the Jefferson–Oldham County line. Bedell was charged with the crimes and was convicted. This appeal followed.

Bedell argues that the portion of the trial in Jefferson Circuit Court that included the charges of rape and murder as distinguished from the charges of kidnapping and wanton endangerment was improper because the venue for those charges should have been only in Oldham County. He claims he should have received a separate trial on the rape and murder charges in Oldham County.

The murder victim was kidnapped on Old Stone Lane in Jefferson County and taken to the Louisville Memorial Gardens Cemetery located on the Jefferson–Oldham County line where she was raped and murdered. Bedell was arrested by Jefferson County Police on the evening of August 5, and charged with two counts of kidnapping and one count of wanton endangerment. Oldham County issued warrants of arrest on the charges of rape and murder the next day, August 6. Bedell was indicted for rape, murder, kidnap-

ping and other offenses by a Jefferson County Grand Jury on August 8. Oldham County indicted him on charges of rape and murder on August 10. Pursuant to K.R.S. 15.200, the Oldham Circuit Court sought the assistance of the Attorney General to resolve the conflict created by the duplication of indictments. The Attorney General recommended that the Oldham County charges be dismissed in order to allow a single prosecution in Jefferson County.

Commission of a statutory offense in Kentucky gives rise to the authority of the courts of this state to preside over the prosecution of the case. The circuit courts of this state are never without power to preside over the prosecution of offenses committed in Kentucky. *Commonwealth v. Cheeks*, Ky., 698 S.W.2d 832 (1985). If the body of a homicide victim is found within this state, Kentucky courts have authority to consider the case. K.R.S. 500.060. There is no doubt that the Jefferson Circuit Court had both subject matter and personal jurisdiction to hear this matter.

Once jurisdiction is established, the proper venue or place of trial must be decided. The venue of a criminal prosecution is the county where the offense is committed. K.R.S. 452.-510. Both Oldham and Jefferson counties returned indictments against Bedell. On the advice of the Attorney General's Office, Oldham county dismissed its action. The sole remaining indictment originated in Jefferson county.

It was never conclusively established whether the mausoleum where the body was found was located in the Oldham or Jefferson County portion of the cemetery. The jury was told unequivocally that the body was found beside the mausoleum in Louisville Memorial Gardens cemetery and that the cemetery is located on the Jefferson–Oldham County line. Some police officers testified that they thought the body was discovered in Oldham County while others were not sure whether it was within Oldham or Jefferson County. K.R.S. 452.620 provides that when there is a reasonable doubt as to whether the offense was committed in the county where the indictment is returned or in some other county, the proper venue is in the county where the indictment was returned.

The presumption is that a trial was held in the appropriate county. *Hays v. Commonwealth*, Ky., 14 S.W. 833 (1890). Only slight evidence is required to sustain the venue. *Hardin v. Commonwealth*, Ky. 437 S.W.2d 931 (1968). The jury was presented enough evidence that it could have decided that Jefferson County was the proper venue for this trial. *Lunce v. Commonwealth*, 289 Ky. 706, 160 S.W.2d 3 (1942).

Bedell also contends that the jury instructions as to rape and murder were improper because they allowed each member of the jury without unanimous agreement to find that the rape and murder occurred in either Jefferson or Oldham County. He claims that the location of the rape and murder was Oldham County and that there was no evidence from which the jury could reasonably infer that the crimes occurred in Jefferson County, and therefore, he did not receive a unanimous jury verdict. We disagree.

A defendant may be convicted under an instruction containing alternate theories of liability and is not deprived of a unanimous verdict if the alternative theories are supported by the evidence. *Wells v. Commonwealth*, Ky., 561 S.W.2d 85 (1978), held that a verdict cannot be successfully attacked on the grounds that the jurors could have believed either of two theories of the case where both interpretations are supported by the evidence and the proof of either beyond a reasonable doubt constitutes the same offense. *See also, Campbell v. Commonwealth*, Ky., 732 S.W.2d 878 (1987); *Harris v. Commonwealth*, Ky., 793 S.W.2d 802 (1990).

Bedell's assertion that the jury had no testimony from which it could infer the rape and murder took place in Jefferson County is without foundation. Sufficient evidence exists to support the alternative theories. Only slight evidence is necessary to sustain venue because venue does not affect the guilt or innocence of the accused. *Larue v. Commonwealth*, Ky., 481 S.W.2d 47 (1972).

Bedell maintains that his convictions for rape and kidnapping were multiple prosecutions and violate the prohibition against dou-

ble jeopardy. He contends that rape was an included offense of kidnapping because the rape was a felony which he intended to commit at the time of the kidnapping. We disagree because he was properly convicted of both rape and kidnapping and his rights under the double jeopardy clause were not violated.

■ *Ingram v. Commonwealth*, Ky., 801 S.W.2d 321 (1990), held that under the Kentucky Constitution, a single impulse or act constitutes but one offense. The majority in *Ingram* reviewed a series of Kentucky cases in which multiple prosecutions were sustained because of the existence of additional acts of criminal misconduct unnecessary to the commission of the other offense. This Court noted that the question is whether in each offense there are additional acts of criminal misconduct which are unnecessary to the commission of the other offense. *Cf. Wilson v. Commonwealth*, Ky., 695 S.W.2d 854 (1985). *Harris v. Commonwealth*, Ky., 793 S.W.2d 802 (1990), rejected a claim of double jeopardy in a kidnapping and murder conviction. Kidnapping does not require proof of the death of the victim. Therefore, the offenses do not merge and there is no double jeopardy violation. *Cf. Wager v. Commonwealth*, Ky., 751 S.W.2d 28 (1988) involving a conviction for rape and assault which did not violate double jeopardy. *See also Kinser v. Commonwealth*, Ky., 741 S.W.2d 648 (1988).

■ The offense of kidnapping was complete when Bedell restrained the victim against her will with the intent to commit a felony. K.R.S. 509.040(1)(b). The question is not whether he actually committed a felony but whether he intended to do so at the time he unlawfully restrained the victim. *Cf. Harris, supra.* Consequently, the kidnapping was complete based on Bedell's intent at the time of the abduction. Rape was unnecessary to complete the kidnapping. The kidnapping was unnecessary to commit the crime of rape which is completed by forcible sexual intercourse. K.R.S. 510.040. Clearly rape and kidnapping are two separate criminal offenses.

It was not reversible error for the trial judge to overrule the defense motion to suppress Bedell's pretrial statement. He complains that the confession was the result of an unconstitutional seizure of his person at his place of employment. Bedell gave police a taped statement on August 5 in which he confessed to the kidnapping, rape and murder of the victim. However, he claimed that the woman was shot accidentally during a struggle for control of his gun. Prior to trial, Bedell sought to suppress the statement on the ground that it was obtained pursuant to an illegal seizure of his person. A suppression hearing was conducted and the trial judge denied the motion.

■ The police detectives testified that they went to Bedell's place of employment about 4:45 p.m. on August 5, and that he agreed to accompany them without comment. They testified that he was calm and polite and was not threatened or handcuffed, and that he sat in the front seat of the police cruiser on the ride to the station. The police testified that he was not under arrest and that they fully advised him of his rights. They also testified that he was given a soft drink and the door to the room was left open and that he seemed relaxed.

A plant manager at Bedell's place of employment testified that he saw Bedell leave the plant and that Bedell appeared to be calm and not in handcuffs and that none of the officers physically held him in any way.

The decision of the trial judge to admit the taped statement was supported by substantial evidence. RCr 9.78. The test announced by the United States Supreme Court for determining whether a seizure which involves Fourth Amendment protection is an objective one is based on what a reasonable person would believe in the same situation. *United States v. Mendenhall*, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). The evidence presented at the suppression hearing indicates that Bedell was not seized by the police at his place of employment. He was not restrained in any way; he was not ordered to accompany the police but was asked if he would come with them. No physical restraint, force or show of authority coerced Bedell into going with them. We believe the trial judge was correct

because the evidence does not establish a seizure of the person as prohibited by the Fourth Amendment to the U.S. Constitution.

 The police had more than adequate information from which to believe that Bedell had committed crimes against the deceased victim and her companion. The surviving victim made a tentative identification of Bedell from a photopac and described the car driven by Bedell at the time of the abduction. Information was obtained from a witness at the gas station which confirmed the description of the automobile given by the surviving victim. Consequently, the police had probable cause to detain Bedell under a totality of the circumstances.

It was not reversible error to admit into evidence the video tapes and photographs of the murder victim. The claim of error with respect to the video tape is not properly preserved for appellate review because there was no objection to the video tape before it was shown to the jury. RCr 9.22. *Crane v. Commonwealth*, Ky., 833 S.W.2d 813 (1992).

The deceased victim suffered multiple lacerations to her forehead and scratches under both arms. Of greatest importance, she also suffered two gunshot wounds; the first entered her body from the left armpit and exited at the back portion of her shoulder; the second, which caused her death, entered the back of her head and exited at the front of her head. Here, all the injury done to the victim was charged to the defendant. *Cf. Wager, supra.* The photographs and the video tape depicted the scene of the crime and the position of the body and injuries. This was relevant, competent evidence and was properly admitted at trial. *Epperson v. Commonwealth*, Ky., 809 S.W.2d 835 (1991).

The trial court, as noted above, ordered all five terms of imprisonment herein to run consecutively. Such sentencing was in accordance with our opinion in *Rackley v. Commonwealth*, Ky., 674 S.W.2d 512 (1984) inasmuch as this was a capital case. Upon reexamination, however, we are now of the opinion that our decision in *Rackley* was flawed. It is true that KRS 532.110(1)(c) refers to KRS 532.080, Persistent felony offender sentencing, with regard to the maximum length of the aggregate of consecutive indeterminate terms. Such reference, however, is only to the "yardstick" set out in 532.080 for measuring said maximum length, and in our opinion now, was never intended to incorporate from 532.080 its other terms affecting PFO sentencing only. Consequently, it matters not whether the offense for which the sentence is being fixed is capital or non-capital, and under the "yardstick" set out in .080, a term of life imprisonment would be "the longest extended term which would be authorized by KRS 532.080." This being so, no sentence can be ordered to run consecutively with such a life sentence in any case, capital or non-capital. *Rackley v. Commonwealth, supra*, is accordingly overruled in holding otherwise.

The judgment of conviction of the Jefferson Circuit Court is affirmed but the case is remanded for an order directing all other sentences of imprisonment herein to run concurrently with the sentence of life imprisonment without parole for twenty-five years.

All concur except STEPHENS, C.J., who would affirm the sentencing in conformity with *Rackley v. Commonwealth, supra.*