# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: APRIL 28, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0355-MR

DAVID RANDOLPH BEDELL                              APPELLANT

|  | ON APPEAL FROM COURT OF APPEALS |
|---|---|
|  | NO. 2020-CA-0403 |
| V. | JEFFERSON CIRCUIT COURT |
|  | NOS. 89-CR-001528 AND 90-CR-000767 |

CHARLES L. CUNNINGHAM, JR., JUDGE,            APPELLEE
JEFFERSON CIRCUIT COURT

AND

COMMONWEALTH OF KENTUCKY        APPELLEE/REAL PARTY IN
INTEREST

## MEMORANDUM OPINION AND ORDER OF THE COURT

### AFFIRMING

David R. Bedell appeals from the Court of Appeals' denial of his petition for a writ to 1) prohibit the enforcement of an order issued by Judge Charles L. Cunningham of the Jefferson Circuit Court requiring a $50 filing fee to appeal, and 2) order Judge Charles L. Cunningham to rule on Bedell's objections raised to the trial court. For the reasons stated below, we affirm the Court of Appeals.

## I.     BACKGROUND

Bedell's requests stem from his conviction for murder, rape, and kidnapping occurring in 1989. *Bedell v. Commonwealth*, 870 S.W.2d 779, 780 (Ky. 1993). This Court affirmed Bedell's conviction on direct appeal. *Id.* The facts underlying that case surrounded the circumstances of a woman's body left outside a mausoleum in the Louisville Memorial Gardens Cemetery in early August of 1989. *Id.* The woman had been kidnapped from her substitute paper route. *Id.* She had been raped and was shot twice: once in the head, and once in the chest. *Id.* at 780, 783. After an investigation, David Bedell was arrested and indicted for the kidnapping, rape, and murder in both Oldham and Jefferson counties. *Id.* at 780–81 Oldham County dismissed its action when the action in Jefferson County proceeded. *Id.* at 781.

Bedell was ultimately convicted and sentenced to life without the possibility of parole, as recommended by a jury. *Id.* at 780. He appealed the judgment to this Court, asserting that the venue in Jefferson County was improper. *Id.* This Court affirmed the judgment of the Jefferson Circuit Court, holding that venue was proper. *Id.*

The procedural history of Bedell's pro se post-conviction actions is at the heart of the case at bar. After years of incarceration, Bedell moved for post-conviction DNA testing and appointment of a public defender pursuant to Kentucky Revised Statute (KRS) 422.285. On July 23, 2019, the trial court denied Bedell's motion. Bedell then tendered a notice of appeal and a motion to proceed *in forma pauperis*. The trial court granted in part and denied in part

2

Bedell's motion to proceed *in forma pauperis*, ordering a minimal filing fee of $15 to appeal the trial court's order.

At this point, the record becomes unclear. It appears that after Bedell filed his notice of appeal, the Circuit Court issued a second order, this one requiring that he pay a $50 filing fee. The Circuit Court then issued a *third* order, correcting the second, erroneous fee order. The third order appears to reinstate that Bedell pay a $15 filing fee in order to appeal. However, records from CourtNet[1] indicate that the third, corrective order was returned without being delivered.

Bedell appears to have had no knowledge of the third order, and thus presumably based upon the second, erroneous fee order,[2] he then attempted to file a *Gabbard v. Lair* appeal regarding the denial of his *in forma pauperis* motion.[3] This filing was rejected by the Jefferson Circuit Clerk before reaching the Court of Appeals. Given the rejection of his *Gabbard* appeal, paired with

---

[1] CourtNet is a website provided by the Commonwealth through which one may find the procedural history of a given case, including filed motions and subsequent actions and orders. While CourtNet is not part of an official certified record to this Court, we find it illuminating as it pertains to the procedural history of Bedell's actions and the courts' decisions.

[2] This assumption is supported by Bedell's brief, which argues for this Court to reinstate the first order and vacate the second, but makes no mention of the third order. The Court of Appeals similarly fails to mention the third order. Furthermore, despite paying each of the other two filing fees (one for the writ, and one for the writ appeal), we have no record of Bedell paying the original $15 filing fee for an appeal. This Court thus has no evidence that Bedell ever received the third order.

[3] *Gabbard v. Lair* established a right for a defendant to appeal, without fee, the denial of an *in forma pauperis* motion. 528 S.W.2d 675, 677–78 (Ky. 1975). The case set out the requirements for an appeal of this sort, including that it must be timely and must arise from a valid pending appeal of a judgment of conviction. *Id.*

conflicting orders for his filing fee to appeal the denial of his motion seeking DNA testing and appointment of counsel, Bedell then tendered a petition for a writ paired with a motion to proceed *in forma pauperis* with the Court of Appeals. The Court of Appeals issued a $13 *in forma pauperis* filing fee, which Bedell paid. After his payment of this fee, his writ petition was filed. Judge Cunningham—named individually as a party—responded to the writ petition by asking the Court of Appeals to not only deny Bedell's petition, but also to rule on his appeal (perhaps indicating that the trial court believed Bedell's appeal on the merits was successfully filed). The Court of Appeals denied Bedell's petition for a writ. In its order, the Court of Appeals wrote that Bedell was not entitled to relief because he failed to establish that the trial court "neglected or refused to adjudicate any properly filed motions," and that if there were residual issues, the proper remedy could be found through appeal.

Bedell subsequently tendered a notice of appeal regarding the denial of his writ petition and filed a motion to proceed *in forma pauperis*. The Court of Appeals granted his motion and ordered a $14 filing fee for the appeal. Bedell again paid the filing fee, and the appeal proceeded to this Court. Bedell asserts that seven objections are outstanding and must be ruled on by the trial court, and that he is entitled to the $15 filing fee on his original appeal.[4]

Upon review, it has become clear to this Court that throughout these post-conviction proceedings several clerical errors occurred. For example,

---

[4] As we noted above, multiple, conflicting *in forma pauperis* orders were issued, with the last apparently never being delivered.

Bedell alleges that mail was delivered both to the incorrect facility, and then to the incorrect inmate at the correct facility. Other procedural issues—such as a clerk allegedly using the wrong case number—drew objections from Bedell.

## II.     ANALYSIS

Bedell asks that this Court reverse the Court of Appeals' denial of his petition for a writ. This Court has held that the standard of review for a writ petition "depends on the class, or category, of writ case." *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004). Generally, however, this Court engages in a three-part analysis for reviewing the appeal of a petition for a writ:

> We review the Court of Appeals' factual findings for clear error. Legal conclusions we review under the de novo standard. But ultimately, the decision whether or not to issue a writ of prohibition is a question of judicial discretion. So review of a court's decision to issue a writ is conducted under the abuse-of-discretion standard. That is, we will not reverse the lower court's ruling absent a finding that the determination was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."

*Appalachian Racing, LLC. v. Commonwealth*, 504 S.W.3d 1, 3 (Ky. 2016) (citing *Trude*, 151 S.W.3d at 810; *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). Since no factual findings are at issue in this appeal, we review the conclusions of law de novo and the denial of the petition for an abuse of discretion. Writs of relief may only be granted when a party has shown that:

> (1) [T]he lower court is proceeding or about to proceed outside of its jurisdiction and there is *no adequate remedy by appeal*, or (2) the lower court is about to act incorrectly, although within its jurisdiction, and there exists *no adequate remedy by appeal* or otherwise and great injustice and irreparable injury would result.

*Commonwealth v. Maricle*, 10 S.W.3d 117, 121 (Ky. 1999) (emphasis added).

Bedell requests two kinds of writ relief: a writ of prohibition, and a writ of mandamus. A writ of prohibition prevents certain injustices from occurring. For the Court of Appeals to prohibit a trial court from acting unjustly, a defendant must prove at the outset that he has "no adequate remedy by appeal." *Id.* By contrast, a writ of mandamus seeks to compel a certain performance. *See Mischler v. Thompson*, 436 S.W.3d 498, 502 (Ky. 2014). A writ of mandamus "is an extraordinary remedy" compelling "the performance of a ministerial act or mandatory duty where there is a clear legal right or no adequate remedy at law." *Id.* (citing *Cnty. of Harlan v. Appalachian Reg'l Healthcare, Inc.*, 85 S.W.3d 607, 613 (Ky. 2002)). This kind of writ, too, is "not a substitute for appeal." *Mischler*, 436 S.W.3d at 503.

Specifically, Bedell asks that this Court grant his request for a writ of prohibition to vacate the second, $50 filing fee order (dated October 15, 2019), and reinstate the first, $15 filing fee order (dated September 20, 2019), regarding his *in forma pauperis* motion; and a writ of mandamus to order the trial court rule on his "objections." We address each in turn.

Regarding his request for a writ of prohibition, Bedell would have this Court reinstate an order already issued by the trial court. However, it appears that the trial court already attempted to remedy any harm caused by the erroneous second order by issuing a corrective third. Bedell has no potential remedy by writ since the trial court has obviated his need for reinstating the first order. As such, we affirm the Court of Appeals' denial of Bedell's writ regarding the conflicting filing fee orders.

6

Regarding his request for a writ of mandamus, Bedell asserts that the trial court has failed to rule on seven objections that he has raised. Bedell has failed to include a record of his trial court filings regarding these objections. He describes the objections as belonging to three categories: objections related to procedural mistakes, objections related to the denial of his motion for DNA testing, and objections related to the denial of his motion for appointment of counsel. As discussed below, the historic procedural mistakes are improper for writ relief due to their posture, and both the DNA order and the denial of his motion for counsel may be remedied on appeal.

Bedell's alleged objections regarding the lower court's procedural mistakes include incorrect deliveries, misreading his case number, and mistakenly issuing conflicting orders. Bedell's objections on these grounds are notably absent from our record. Without properly filed objections or any official record of Bedell lodging them, this Court cannot reverse the Court of Appeals' denial of relief. This defect also applies to his objections regarding the DNA testing order and the trial court's denial of post-conviction counsel. Additionally, however, the latter two categories of objections have adequate remedies by appeal, as noted below.

Bedell argues that he is entitled to a ruling on objections he lodged regarding the lower court's denial of DNA testing. This denial, and presumably related objections, may be remedied on appeal. For example, the denial of a motion for DNA testing was appealed to this Court in *Wilson v. Commonwealth*, 381 S.W.3d 180 (Ky. 2012). In that case, Wilson had been sentenced to death

7

for murder and other offenses. *Id.* at 182. Post-conviction, Wilson sought DNA testing to exonerate himself. *Id.* He timely and rightfully exercised his right to appeal the trial court's denial of his motion, showing that an appeal is an adequate remedy for unfavorable decisions of this kind. *Id.* Given this example, it is clear that Bedell has an adequate path to remedy by appealing the order. Any objections regarding the denial of DNA testing are therefore not proper for writ relief.

Similarly, Bedell also can appeal the trial court's denial of counsel and, through appealing, address his related objections. For example, in *Fraser v. Commonwealth*, 59 S.W.3d 448 (Ky. 2001), a defendant appealed in part on the trial court's denial of post-conviction counsel. In affirming the lower court's denial, the Court discussed the creation of the Department of Public Advocacy in Kentucky and the discretion held by lower courts in appointing counsel. *Id.* at 454. The opinion demonstrates, again, that Bedell had an adequate opportunity for remedy through appeal. Therefore, his objections regarding denial of counsel are improper for writ relief.

Although the issues raised by Bedell are inappropriate for writ relief, this Court recognizes the troubling unfairness that seems to have affected Bedell's right to appellate review. As a pro se criminal defendant pursuing post-conviction relief, Bedell's ability to engage with the judicial system depends on receiving adequate notice regarding orders from the court. Given the apparent clerical errors affecting Bedell's ability to appeal, Bedell shall be entitled to

pursue his appeal within thirty (30) days of this Opinion and Order so long as he pays the $15 filing fee ordered by the trial court.

### III.    CONCLUSION

A writ for relief, whether it be a writ of prohibition or a writ of mandamus, is extraordinary and uncommon. Additionally, granting a writ is discretionary, not mandatory. Bedell's requests for relief through writs are all either 1) proper by appeal, or 2) unsupported by the record. As such, the Court of Appeals did not abuse its discretion by denying his petition. We affirm the Court of Appeals. In the interest of equity, we also order that Bedell be allowed to proceed with his appeal consistent with this Opinion and Order.

All sitting. All concur.

ENTERED:  April 28, 2022.

_____
CHIEF JUSTICE

9

COUNSEL FOR APPELLANT:

David Randolph Bedell
Pro Se

COUNSEL FOR APPELLEE/REAL PARTY IN INTEREST, COMMONWEALTH OF KENTUCKY:

Daniel J. Cameron
Attorney General of Kentucky

Kristin Leigh Conder
Assistant Attorney General

APPELLEE, CHARLES L. CUNNINGHAM, JR.:

Judge Charles Louis Cunningham, Jr.