RENDERED: JUNE 17, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0977-MR

ELBERT PHILLIP LONG                                      APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM DAVIESS CIRCUIT COURT<br>HONORABLE LISA P. JONES, JUDGE<br>ACTION NO. 76-CR-18196 |

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: DIXON, JONES, AND K. THOMPSON, JUDGES.

DIXON, JUDGE: Elbert Phillip Long appeals the order denying his *pro se* motion

to amend his sentence pursuant to CR[1] 60.02 and 60.03, entered July 23, 2021, by

the Daviess Circuit Court. After careful review of the briefs, record, and law, we

reverse and remand.

---

[1] Kentucky Rules of Civil Procedure.

## FACTS AND PROCEDURAL BACKGROUND

In 1977, Long was convicted of murder and attempted rape and was sentenced, respectively, to life imprisonment and five years to run consecutively. His convictions were affirmed on direct appeal. *Long v. Commonwealth*, 559 S.W.2d 482 (Ky. 1977). Thereafter, Long filed a multitude of collateral challenges regarding his convictions and sentences, as well as state and federal civil actions pertaining to the conditions of his confinement. In June 2021, Long again sought to vacate, amend, or correct his sentence pursuant to CR 60.02 and 60.03, renewing his claim that his sentence was illegal. Determining that Long's motion was successive and procedurally barred, the court denied relief, and this appeal followed.

## ANALYSIS

Long raises various claims on appeal[2]; however, we need only address his contention that his consecutive sentences of life imprisonment and five years are illegal and subject to correction at any time.

"A sentence that lies outside the statutory limits is an illegal sentence[.]" *McClanahan v. Commonwealth*, 308 S.W.3d 694, 701 (Ky. 2010).

---

[2] Long also challenges the court's failure to certify the record in accordance with his designation, which is moot given our ruling, and the manner in which the Department of Corrections treats his sentences for purposes of classification, which is not properly before this Court (*see Mason v. Commonwealth*, 331 S.W.3d 610, 629 (Ky. 2011)).

Illegal sentences are considered void only to the extent they exceed statutory limits and are always subject to correction. *Phon v. Commonwealth*, 545 S.W.3d 284, 304-07 (Ky. 2018). KRS[3] 532.110 and KRS 532.080 provide that life imprisonment is the longest permissible sentence which may be imposed, and consequently, it is settled law that a court exceeds this limitation when additional sentences arising from the same judgment are ordered to be served consecutively to a life sentence. *Goben v. Commonwealth*, 503 S.W.3d 890, 923 (Ky. 2016); *Bedell v. Commonwealth*, 870 S.W.2d 779, 783 (Ky. 1993)[4]; *Shannon v. Commonwealth*, 562 S.W.2d 301, 303 (Ky. 1978), *overruled on other grounds by Wellman v. Commonwealth*, 694 S.W.2d 696 (Ky. 1985).

As Kentucky appellate courts have twice acknowledged, Long's sentence to life imprisonment plus five years exceeds the statutory limit established by KRS 532.110 and KRS 532.080; thus, the sentence is illegal.[5] The cursory record on appeal demonstrates that this erroneous judgment has never been

___

[3] Kentucky Revised Statutes.

[4] Overruling *Rackley v. Commonwealth*, 674 S.W.2d 512 (Ky. 1984), which recognized a distinction in capital cases.

[5] In *Long v. Sapp*, No. 1999-CA-002185-MR, at 2, (Ky. App. Oct. 20, 2000), the Court noted in passing that, "[a]lthough the original judgment stated the sentences were to be served consecutively, they are now treated as concurrent sentences[,]" citing in support *Bedell*, *supra*, and *See v. Commonwealth*, 746 S.W.2d 401 (Ky. 1988). Additionally, as cited by the Commonwealth, in *Long v. White*, No. 2018-CA-001485-MR, 2019 WL 1092656, at *1 (Ky. App. Mar. 8, 2019), the Court stated that a review of Long's prior litigation "indicate[s] that [he] was correct that his sentence of life plus five years was unlawful, but his sentence has long since been corrected to life imprisonment."

corrected.  Accordingly, we must reverse and remand for entry of an amended sentence.  On remand, the court shall resentence Long to life on the murder charge and five years on the attempted rape charge to run concurrently.

**CONCLUSION**

Therefore, and for the forgoing reasons, the order of the Daviess Circuit Court is REVERSED, and this matter is REMANDED for entry of an amended judgment in conformance with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Elbert Phillip Long, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky