RENDERED: JULY 15, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0457-MR

RONNIE MEADOWS          APPELLANT

|     | APPEAL FROM MCCRACKEN CIRCUIT COURT |
| --- | --- |
| v.  | HONORABLE JAMES T. JAMESON, SPECIAL JUDGE |
|     | ACTION NO. 75-CR-11751 |

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, JONES, AND MAZE, JUDGES.

MAZE, JUDGE: Ronnie Meadows (Appellant) appeals the denial of his motion for postconviction relief in which he alleged that he is currently serving a sentence which is invalid by law. For the reasons expressed herein, we affirm the opinion of the McCracken Circuit Court.

## I.        Background

On May 23, 1975, Appellant was released on parole from a four-year sentence at the Kentucky State Penitentiary for breaking and entering. *Meadows v. Commonwealth*, 550 S.W.2d 511 (Ky. 1977). Appellant was given a bus ticket to Cincinnati, Ohio, where a job had been procured for him. Instead of traveling to Ohio, Appellant exchanged the bus ticket for cash in Paducah. The following day, Appellant broke into an unoccupied mobile home, where he took various items including a 20-gauge shotgun and shells. This burglary led to indictment No. 75-CR-11752.

Appellant then stole a truck and abandoned it when it developed mechanical trouble, then stole another truck. These thefts led to counts one and two of indictment No. 75-CR-11753. The second stolen vehicle stopped running at about 5:15 A.M. on May 25, 1975, in a rural area near Paducah. After abandoning the truck, Appellant saw a light come on in the home of Charles Grief and his wife, Mary Eloise. According to his testimony, Appellant decided to go up and see if he could get a car and some money. Appellant was carrying the loaded shotgun and a lunchbox with some clothes in it. He went to the door and rang the bell and was answered by Mrs. Grief. Appellant says he asked Mrs. Grief to use her phone, but for a reason unknown to him, she threw her hands up to her mouth and screamed whereupon he "brought the gun up and it just went off . . . . I didn't shoot her on

purpose. It was an accident. Accidental. I just brought the gun up and it went off." At this point, Mrs. Grief's husband appeared in the hallway with a pistol and Appellant fled the scene, leaving the lunchbox and its contents, including his parole papers, behind. Mrs. Grief died from the gunshot wound which led to indictment No. 75-CR-11751.

Appellant was tried by jury for murder in indictment No. 75-CR-11751 on September 18, 1975. Appellant was convicted and the jury fixed his sentence at death. On September 19, 1975, Appellant was sentenced after pleading guilty to three counts of theft by unlawful taking in No. 75-CR-11753 to serve five years on each count for a total of fifteen years and was sentenced to death in No. 75-CR-11751 on the same day. The judgment in No. 75-CR-11753 stated, "Counts 2 and 3 are to run consecutively with each other and consecutively with Count 1 and consecutively with any count he is now serving." On May 21, 1976, Appellant was sentenced following a jury trial to ten years' imprisonment for indictment No. 75-CR-11752.

Appellant appealed the convictions of Nos. 75-CR-11751 and 75-CR-11752. The Kentucky Supreme Court affirmed the convictions but held Appellant's sentence of death to be unconstitutional under *Boyd v. Commonwealth*, 550 S.W.2d 507 (Ky. 1977). *Meadows*, 550 S.W.2d at 511. Appellant was resentenced in No. 75-CR-11751 on June 24, 1977, to a life sentence. The circuit

court ordered the sentences in Nos. 75-CR-11751, 75-CR-11752, and 75-CR-11753 to be served consecutively to one another. On May 5, 1988, Appellant filed RCr[1] 11.42 motions in all three actions, alleging ineffective assistance of counsel. All three of Appellant's RCr 11.42 motions were denied by the circuit court without an evidentiary hearing. Appellant appealed that decision to the Kentucky Court of Appeals wherein this Court affirmed the summary denial of relief per RCr 11.42 in all three actions (Nos. 88-CA-1282-MR, 88-CA-1283-MR, and 88-CA-1470-MR), citing a lack of merit in Appellant's arguments. In 1990, Appellant brought a *Habeas Corpus* action in federal court which was denied. According to Appellant, he has come before the Parole Board on five occasions and the Board imposed a serve-out at his last appearance before the Board on September 11, 2003.

The present appeal before us is a motion for relief pursuant to CR[2] 60.02. In pertinent part, Appellant asserted: (1) his sentences in Nos. 75-CR-11751, 75-CR-11752, and 75-CR-11753 were improperly ordered to be served consecutively to one another; and (2) his motion was not barred by time of filing as allowing the invalid sentence to stand is a constitutional violation. The circuit court permitted Appellant's claims to proceed via RCr 11.42 as well as CR 60.02,

---

[1] Kentucky Rules of Criminal Procedure.

[2] Kentucky Rules of Civil Procedure.

despite Appellant only citing CR 60.02 as a means of relief. This was done in the interest of fairness and because the incomplete record complicated the determination of whether Appellant had sought relief in a previous RCr 11.42 or CR 60.02 motion. After reviewing the record and holding hearings, the circuit court concluded that Appellant's motion for postconviction relief must be denied due to: (1) the failure of Appellant to move for relief via CR 60.02 within a reasonable time; (2) the inability of the circuit court to apply a change in law retroactively to Appellant's sentencing; and (3) the inability of the circuit court to exercise jurisdiction over the decisions of the Parole Board. Appellant is now arguing to this Court that the circuit court failed to apply the holding of *Bedell v. Commonwealth*, 870 S.W.2d 779 (Ky. 1993), *as modified on denial of rehearing* (Jan. 31, 1994), retroactively and argues that the motion was not barred by time of filing as allowing the sentence is a constitutional violation of separation of powers.

## II. Analysis

### a. Standard of Review

"Given the high standard for granting a CR 60.02 motion, a trial court's ruling on the motion receives great deference on appeal. . . ." *Barnett v. Commonwealth*, 979 S.W.2d 98, 102 (Ky. 1998). A defendant's entitlement to extraordinary postconviction relief "is a matter left to the sound discretion of the court and the exercise of that discretion will not be disturbed on appeal except for

abuse." *Meece v. Commonwealth*, 529 S.W.3d 281, 285 (Ky. 2017) (internal quotation marks omitted) (citing *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996)). To amount to an abuse of discretion, the trial court's decision must be "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). While giving deference to the findings of the circuit court, we analyze (1) whether this motion adheres to proper postconviction relief procedure and (2) whether a retroactive application of the holding of *Bedell* is appropriate in this case.

### b. Postconviction Relief Procedure

Appellant has made previous challenges to his convictions and sentences beginning with direct appeals filed in Nos. 11-CR-11751 and 11-CR-11753. There are two legal mechanisms that can provide relief from a conviction or improper sentence post-appeal: RCr 11.42 and CR 60.02. Though Appellant has filed a CR 60.02 motion, the circuit court permitted his claims to proceed via RCr 11.42 as well, "to make the proceedings as fair to the [Appellant] as possible[.]" However, "[t]he structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). The Kentucky Supreme Court established the structure for postconviction relief, providing first for a motion under RCr 11.42 and thereafter in CR 60.02. *Id.*

-6-

RCr 11.42 provides an avenue to proceed directly by motion in the court that imposed the sentence to vacate, set aside, or correct a sentence that is subject to collateral attack. Any motions filed under this method must be filed within three years after final judgment, unless the motion alleges and the movant proves either: (a) "that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence;" or (b) "that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively." RCr 11.42 (10). While the circuit court permitted the motion "to proceed via RCr 11.42," this Court notes that Appellant brought this motion for postconviction relief under CR 60.02. Specifically, the Appellant is challenging an allegedly illegal sentence, pursuant to CR 60.02(e).

CR 60.02 provides for extraordinary relief and the motion must be filed within a reasonable time. It is for relief that is not available by direct appeal and the movant must demonstrate why he is entitled to this extraordinary relief. *Gross*, 648 S.W.2d 853. Appellant in this case asserts that his sentence is invalid under a retroactive application of *Bedell*, in which the Kentucky Supreme Court reinterpreted KRS[3] 532.110 and KRS 532.080 and concluded that a term sentence

---

[3] Kentucky Revised Statutes.

cannot be required to be served consecutively to a life sentence if the sentences were part of the same incident. *Bedell*, 870 S.W.2d 779.

Appellant's current motion seeks relief via CR 60.02 and was brought over twenty-five years after the *Bedell* decision was published. We agree with the circuit court that a twenty-five-year delay is not reasonable. But for the reasons that follow, Appellant may challenge an allegedly illegal sentence under CR 60.02(e) without regard to timeliness.

### c. **Retroactive Application of *Bedell* and its Exception**

Appellant is currently serving three sentences imposed by the McCracken Circuit Court, consisting of life imprisonment in addition to a ten-year sentence and fifteen-year sentence, to be served consecutively. In 1993, the Kentucky Supreme Court held that no sentence can be ordered to run consecutively with such a life sentence in any case, capital or noncapital. *Bedell*, 870 S.W.2d 779. Appellant seeks to retroactively apply this holding to his own case, citing *Phon v. Commonwealth*, 545 S.W.3d 284 (Ky. App. 2018), in support of this contention. The *Phon* Court noted that the Court was bound to retroactively apply a ruling when it consists of merely a clarification of an already existing sentencing statute. *Id*. at 301. *See also Duncan v. Commonwealth*, 640 S.W.3d 84 (Ky. App. 2021).

Based upon the holdings in *Phon* and *Duncan*, Appellant is entitled to challenge the allegedly illegal sentence under CR 60.02 even though he did not file the motion within a reasonable time. Applying the principles of *Bedell* and *Phon* to Appellant, the holding of *Bedell* would appear to be retroactive. The relevant portion of the statute in question in Appellant's case, KRS 532.110, is unchanged since the time of Appellant's sentencing in 1977. The clarification of the statute's application via *Bedell* did not adopt a new rule of constitutional law or procedure but was merely a new interpretation of the same statute. Appellant is correct in the assertion that this case is governed retroactively by *Bedell*; however, Appellant fails to recognize an exception to this new interpretation.

The Kentucky Supreme Court limited the *Bedell* holding in a 2005 case, in which the Court distinguished situations where the defendant had been improperly convicted at the same trial to a life sentence and term of years to be run consecutively to situations where the court could impose a term of years sentence to be served consecutively to a life sentence when imposed at separate trials. *Stewart v. Commonwealth*, 153 S.W.3d 789 (Ky. 2005). Specifically, the Kentucky Supreme Court found that the *Bedell* holding does not preclude running a life sentence consecutively to a previously imposed sentence. 153 S.W.3d at 792.

The *Bedell* holding was further distinguished in two unpublished opinions in which the Kentucky Supreme Court clarified the application of the

holding, specifically stating that judgment ordering a term of years to run consecutively with a life sentence is not invalid if rendered in a prior, separate case. *Clay v. Commonwealth*, No. 2009-SC-000012-MR, 2010 WL 2471862 (Ky. Jun. 17, 2010). The Kentucky Supreme Court indicated that the distinction hinges not on the order in which the sentences were rendered, but rather on whether the sentences are based on convictions arising from the same set of facts or separate facts. *Id.* at *3-4. Here, as in *Clay* and in *Higgins v. Commonwealth*, No. 2014-SC-000466-MR, 2016 WL 671150, at *8 (Ky. Feb. 18, 2016), the indictments arose from separate offenses and distinct crimes.[4]

While the holding of *Bedell* must be applied retroactively, the exceptions to the rule announced in *Stewart* are likewise retroactive. Observing the retroactive mandate from *Bedell*, in addition to the exception to cases involving sentences imposed at separate trials, it is apparent that the circuit court has not abused its discretion in denying Appellant's CR 60.02 motion for postconviction relief. Accordingly, we affirm the denial of that relief by the McCracken Circuit Court.

ALL CONCUR.

---

[4] We note that both *Clay*, 2010 WL 2471862, and *Higgins*, 2016 WL 671150, at *8, are unpublished and were used by this Court as persuasive materials. Pursuant to CR 76.28(4)(c), this Court used these unpublished cases for guidance as there is no published opinion that would adequately address the issue before the Court.

BRIEF FOR APPELLANT:

Kara Stinson Lewis
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky