RENDERED: JUNE 2, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1003-MR

DAVID RANDOLPH BEDELL                                  APPELLANT


                   APPEAL FROM JEFFERSON CIRCUIT COURT
v.             HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
                  ACTION NOS. 89-CR-001528 AND 90-CR-000767


COMMONWEALTH OF KENTUCKY                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE: David Randolph Bedell ("Appellant"), *pro se*, appeals from an order of the Jefferson Circuit Court entered on July 23, 2019, denying his motion for post-conviction DNA testing. Appellant argues that the circuit court erred in failing to properly apply *Owens v. Commonwealth*, 512 S.W.3d 1 (Ky. App. 2017), to conclude that post-conviction DNA testing was

warranted. He also contends that the court erred in failing to appoint counsel. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On August 5, 1989, Appellant abducted, raped, and killed a woman in Jefferson County, Kentucky. A Jefferson County grand jury indicted Appellant on various charges of murder, rape, and kidnapping. Appellant confessed to the crimes, though he maintained that the victim's death was accidental. The matter proceeded to a jury trial, where Appellant was convicted on charges of murder, rape in the first degree, kidnapping, wanton endangerment in the first degree, and unlawful imprisonment in the first degree.[1] Appellant was sentenced to life in prison without the possibility of parole for 25 years on the murder conviction, with concurrent sentences on the other charges. He appealed the judgment to the Kentucky Supreme Court, which affirmed the conviction on April 22, 1993.[2]

On October 10, 2017, Appellant, *pro se*, filed a petition for post-conviction DNA testing of his hair samples and penile swabs. He asserted that these DNA samples had not been previously tested by the Commonwealth nor defense counsel, and would demonstrate that he was innocent of the charged

---

[1] Kentucky Revised Statutes ("KRS") 507.020; KRS 510.040; KRS 509.040; KRS 508.060; and KRS 509.020.

[2] *Bedell v. Commonwealth*, 870 S.W.2d 779 (Ky. 1993).

offenses. The Commonwealth filed a responsive pleading arguing against the motion. On July 23, 2019, the circuit court entered an order denying the motion, and this appeal followed.

## STANDARD OF REVIEW

The circuit court's decision whether to order post-conviction DNA testing is reviewed for abuse of discretion. *Owens*, 512 S.W.3d at 6. An abuse of discretion occurs if the trial court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Discretion allows a court "to make a decision – of *its* choosing – that falls within a range of permissible decisions." *Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004) (internal quotation marks, footnote, and citation omitted) (emphasis in original).

## ARGUMENTS IN ANALYSIS

Appellant, *pro se*, argues that the Jefferson Circuit Court committed reversible error in denying his motion for post-conviction DNA testing. He asserts that the circuit court improperly failed to apply an element of *Owens*, *supra*, thereby violating various provisions of the Kentucky Constitution and the 14th Amendment to the United States Constitution. After directing our attention to KRS 422.285, which allows for persons convicted of certain offenses to request DNA testing, Appellant argues that the circuit court failed to make an express

finding of the evidence to be considered per the third element of *Owens*. That

evidence was a penile swab and hairs collected by the Commonwealth in

preparation for trial. While acknowledging that witness testimony coupled with

his confession resulted in the guilty verdict, he contends that DNA testing of the

samples would impeach his confession requiring the judgment to be dismissed.

Appellant also argues that the circuit court erred in failing to provide him with

legal counsel to prosecute the motion for DNA testing. Finally, Appellant states

that he cannot demonstrate that the order on appeal is preserved for appellate

review. Therefore, he requests a review for palpable error. He seeks an opinion

reversing the order on appeal, and remanding the matter for the appointment of

counsel and further proceedings.[3]

KRS 422.285 sets out the requirements for seeking post-conviction

DNA testing. To support post-conviction DNA testing, the petitioner must make

sufficient factual averments to support the request (KRS 422.285(2)); have been

convicted of certain offenses (KRS 422.285(1)(a)); be incarcerated or subject to

correctional supervision (KRS 422.285(5)(f) and (6)(f)); and, demonstrate that the

evidence must be available to be tested and not have been previously subjected to

---

[3] Though Appellant did not comply with Rules of Appellate Procedure ("RAP") 32(A)(4) requiring a statement of preservation, we believe the matter is properly preserved for appellate review. As it is clear from the record that the issue of post-conviction DNA testing was raised below, and per *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010), we will ignore the procedural deficiency and proceed with the review on the merits.

DNA testing (KRS 422.285(5)(b)-(c), (6)(b)-(c)). In *Owens*, *supra*, a panel of this Court addressed the application of these factors.

The Commonwealth acknowledges that Appellant met most of the preliminary requirements set out in KRS 422.285. That is, Appellant met the offense requirement, he is incarcerated, and the evidence is believed to be available in an unopened box of evidence stored at the courthouse. Having demonstrated these elements of KRS 422.285, the salient question is whether the evidence Appellant seeks to have tested would have made any difference at trial. *See* KRS 422.285(2) requiring the petitioner to make "sufficient factual averments to support the request[.]" A panel of this Court held in *Owens* that,

> [i]f the petition meets the requirements of the statute, and if the petitioner is among that class of persons intended to be granted this statutory right, and if the evidence the petitioner seeks to have tested otherwise qualifies for testing, the trial court is ready to move on to the more substantive part of the analysis – judging whether the evidence the petitioner seeks would have made any difference at trial.

*Owens*, 512 S.W.3d at 10.

Having closely examined the record and the law, we do not conclude that DNA testing of the penile swabs and hair samples at issue "would have made any difference at trial" per *Owens*. The burden was on Appellant to make sufficient factual averments to support the DNA request. KRS 422.285(2). He has not met this burden. Appellant broadly argues "that his penile swab, in comparison

with the vaginal swab and smear, along within [sic] unexamined hairs, would prove his innocence to this charged offense." Even if the penile swab failed to show the victim's DNA, and whatever the outcome of the DNA testing on hair samples, the import of the DNA results would be purely speculative as it relates to Appellant's guilt or innocence. A trial court may properly exclude DNA testing "that at best could produce mere speculation." *Bowling v. Commonwealth*, 357 S.W.3d 462, 469 (Ky. 2010), *as modified on denial of reh'g* (Mar. 24, 2011).

Appellant confessed to raping the victim, and the confession was bolstered by other evidence at trial including the testimony of a second abduction victim who was able to escape from Appellant. Appellant offers no suggestion as to how the results of DNA testing he requests would have enured to his benefit at trial or otherwise affected the outcome of the proceeding. Rather, Appellant makes conclusory claims that DNA testing would supplant or otherwise impeach his taped confession, thus requiring reversal of the order on appeal or a reduced sentence. We are not persuaded by this line of reasoning. The panel in *Owens* determined that the ultimate question is whether there is "a reasonable probability that the DNA evidence the petitioner seeks would have made a difference had it been available at or before trial[.]" *Owens*, 512 S.W.3d at 7. In examining this question, the court is required to determine if there is a reasonable probability that the DNA evidence would prove favorable to the movant. *Id.* at 10. We find no

basis for concluding that there is a reasonable probability that the DNA evidence Appellant seeks would have made a difference had it been available at or before trial. Accordingly, we do not find that the Jefferson Circuit Court's ruling was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *English*, *supra*.

Appellant also argues that the circuit court erred in failing to appoint counsel to prosecute the DNA request. We disagree. KRS 422.285(2) provides that the court shall appoint counsel if the movant makes a request for counsel accompanied by a supporting affidavit containing "sufficient factual averments to support the request[.]" Because Appellant's factual averments were insufficient to support the request, he was not entitled to appointed counsel. The Jefferson Circuit Court properly so ruled.

## <u>CONCLUSION</u>

Appellant failed to demonstrate that he was entitled to post-conviction DNA testing per KRS 422.285 and *Owens*, and was not entitled to appointed counsel. For these reasons, we affirm the order of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

David Randolph Bedell, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristin L. Condor
Assistant Attorney General
Frankfort, Kentucky