RENDERED: SEPTEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0798-MR

CALVIN ANDREW MCKINNEY                                      APPELLANT


APPEAL FROM WARREN CIRCUIT COURT
v.            HONORABLE JOHN GRISE, JUDGE
ACTION NO. 85-CR-00768


COMMONWEALTH OF KENTUCKY                                    APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, DIXON, AND McNEILL, JUDGES.

DIXON, JUDGE: Calvin McKinney appeals from the order of the Warren Circuit

Court, entered May 23, 2022, denying his motion to correct his sentence pursuant

to CR[1] 60.02(e) and CR 60.02(f). Following review of the record, briefs, and law,

we reverse and remand for proceedings consistent with this Opinion.

---

[1] Kentucky Rules of Civil Procedure.

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

In 1986, when he was 17 years old, McKinney entered a guilty plea to intentional murder, first-degree robbery, second-degree burglary, and theft by unlawful taking over $100. The trial court sentenced McKinney to life for murder plus a total of 35 years' incarceration for the remaining offenses. All sentences were ordered to run consecutively with each other and consecutively to the life sentence.

McKinney filed his first post-conviction motion in 1989 pursuant to RCr[2] 11.42, claiming ineffective assistance of counsel. The trial court denied relief, and this Court affirmed. In 2006, McKinney filed a second collateral attack on his conviction pursuant to both RCr 11.42 and CR 60.02. The trial court denied relief, and this Court again affirmed.[3] In 2019, McKinney, pro se, filed the underlying motion for relief. The trial court appointed counsel, who supplemented the motion. McKinney argued trial counsel failed to review his presentence investigation pursuant to KRS[4] 532.050(4) and also that his sentence of life plus 35 years was illegal pursuant to *Bedell v. Commonwealth*, 870 S.W.2d 779 (Ky. 1993).

---

[2] Kentucky Rules of Criminal Procedure.

[3] *See McKinney v. Commonwealth*, No. 2009-CA-1166-MR, 2011 WL 43235 (Ky. App. Jan. 7, 2011).

[4] Kentucky Revised Statutes.

The trial court denied relief, finding that KRS 532.050(4) was inapplicable because McKinney had not been convicted of a sex crime. The trial court also denied relief pursuant to CR 60.02, reasoning that *Bedell* created a new rule of law, and new rules of law "are not to be retroactively applied in the context of collateral attacks." *Leonard v. Commonwealth*, 279 S.W.3d 151, 160 (Ky. 2009). This appeal followed.[5]

## STANDARD OF REVIEW

This Court reviews orders on CR 60.02 motions for abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted).

## LEGAL ANALYSIS

When McKinney was sentenced in 1986, KRS 532.110(1)(c) provided "[t]he aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed."[6] In *Rackley*

---

[5] On appeal, McKinney merely requests in a footnote that this Court consider his argument related to KRS 532.050(4). He fails to expand any argument in his brief related to the statute. Therefore, we decline to address it.

[6] KRS 532.080 addresses sentencing for persistent felony offenders.

*v. Commonwealth*, 674 S.W.2d 512 (Ky. 1984), the Kentucky Supreme Court interpreted the statutory language to mean capital cases were an exception and, therefore, there were no statutory prohibitions to running a life sentence consecutive to a 20-year sentence for burglary. However, *Rackley* was overruled by *Bedell* in 1993, when our highest court held that "no sentence can be ordered to run consecutively with such a life sentence in any case, capital or non-capital." *Bedell*, 870 S.W.2d at 783. In the instant action, the Commonwealth argues *Rackley* was still controlling in 1986 when McKinney was sentenced in a capital case and, therefore, McKinney's sentence was legal at the time it was imposed. Due to recently published caselaw, however, we are compelled to disagree.

In July 2022, approximately two months after the trial court entered its order denying relief to McKinney, this Court published *Meadows v. Commonwealth*, 648 S.W.3d 701 (Ky. App. 2022). In that case, Meadows argued his sentence of life plus a combined total of 25 years' incarceration, to be served consecutively, was impermissible pursuant to *Bedell. Meadows* unequivocally determined the holding in *Bedell* is retroactive. In its analysis, a panel of this Court also looked to *Phon v. Commonwealth*, 545 S.W.3d 284 (Ky. App. 2018), and reasoned that the Court was required to "retroactively apply a ruling when it consists of merely a clarification of an already existing sentencing statute. *Id.* at

301.  *See also Duncan v. Commonwealth*, 640 S.W.3d 84 (Ky. App. 2021)."

*Meadows*, 648 S.W.3d at 705.  This Court then held:

> [b]ased upon the holdings in *Phon* and *Duncan*,
> Appellant is entitled to challenge the allegedly illegal
> sentence under CR 60.02 even though he did not file the
> motion within a reasonable time.  Applying the principles
> of *Bedell* and *Phon* to Appellant, the holding of *Bedell*
> would appear to be retroactive.  The relevant portion of
> the statute in question in Appellant's case, KRS 532.110,
> is unchanged since the time of Appellant's sentencing in
> 1977.  The clarification of the statute's application via
> *Bedell* did not adopt a new rule of constitutional law or
> procedure but was merely a new interpretation of the
> same statute.  Appellant is correct in the assertion that
> this case is governed retroactively by *Bedell*[.]

*Id.*

Ultimately, this Court affirmed the trial court and denied relief to Meadows, recognizing an important exception to *Bedell*, which provides a life sentence can run consecutively to a previously imposed sentence.  *See Stewart v. Commonwealth*, 153 S.W.3d 789 (Ky. 2005).  This exception applied in *Meadows*, because Meadows' sentences were the result of multiple trials and guilty pleas.  In other words, there were multiple sets of facts related to separate indictments.  Most importantly, due to the numerous trials and pleas involved, Meadows' various sentences were imposed at varying times.  Because Meadows had sentences previously imposed, this Court determined his sentences could run consecutively, including the life sentence.  This exception does not apply to McKinney because

his sentences were imposed at the same time and involved just one set of facts (*i.e.*, there is no previously imposed sentence).

*Meadows* is directly on point. Because *Bedell* did not adopt a new rule of law but simply provided a new interpretation of KRS 532.110, the holding in *Bedell* is retroactive. The remedy is to have the trial court correct McKinney's sentence. *See Phon*, 545 S.W.3d at 308-09.

## CONCLUSION

Accordingly, we REVERSE AND REMAND to the Warren Circuit Court for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Alana S. Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney E. Albini
Assistant Attorney General
Frankfort, Kentucky